[No. 3828.    Decided July 27, 1901.]

JACOB FURTH, *as Administrator, Appellant,* v. CHARLES F. KRAFT *et ux., Respondents.*

APPEAL—WEIGHT OF EVIDENCE.

Where the evidence is conflicting, the findings of the trial court will not be disturbed, unless clearly against the weight of the evidence.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Preston, Carr & Gilman,* for appellant.

*W. D. Lambuth (Benson & Aust,* of counsel), for respondents.

The opinion of the court was delivered by

Mount, J.—This is an action of unlawful detainer, for the possession of premises described, and for rent alleged to be due. The complaint, after formal allegations, alleges, in substance, that on May 1, 1894, by an oral agreement, Henry L. Yesler leased to defendants certain described property, from month to month, for an indefinite period, at a monthly rental of $2.50; that the defendants thereupon entered into and have held possession thereof to the present time, and that no rent has been paid excepting $10. Then follows the notice to quit or pay rent served upon defendants, and the allegations of service, and failure to pay or deliver possession. Defendants by their answer deny the allegations concerning the lease and the agreement to pay rent, admit possession and refusal to vacate and pay rent, and deny that possession was obtained from said Yesler. The cause came on for trial before the judge of the superior court of King county, a jury being waived. After hearing the evidence, the court made findings against the plaintiff, and dismissed the action. From a judgment of dismissal, plaintiff appeals.

The only question presented in this record is one of fact. There were two witnesses who testified upon the merits in the case,—one for the plaintiff, and the other for defendants. J. D. Lowman, the witness for plaintiff, testified, in substance, that on or about the 1st day of May, 1894, "Captain Kraft was owing us considerable rent for occupying a house in what is now Yesler's Third Addition at the end of Yesler avenue car line, or near the end of it, and also several lots out in the water used for swimming, and scows and frames and toboggan slides and different things that were arranged for swimming, and a considerable rent had accumulated, and, he being unable to pay it, he tendered us the scows in payment of the back rent, and we

took them and canceled between two and three hundred dollars' worth of back rent, he agreeing to give up the house and move out to the scows, and the rent was then to be reduced to $2.50 per month, of which he paid four months,—paid for May and June, sometime in June, $5; some time in August he paid another $5; and that $10 is all we have ever collected;" that he gave up the house, and moved down on to the scows, and has been in possession ever since. Mr. Kraft, for himself, testified, in substance, that he rented a two-story house from Henry L. Yesler, but did not rent any property on Lake Washington below high water mark; never agreed to pay rent for any land on the shore of Lake Washington below high water mark; that in May, 1894, he settled with Mr. Lowman for back rent of the house he had occupied by giving two floats; that at this time he was living in his own house, built on piles in Lake Washington, where he now lives; that after making this agreement he agreed with Mr. Lowman to rent the two scows at $2.50 per month; that he never agreed to pay rent for the water lots. A receipt for $5 was introduced, which tended to corroborate Kraft by reason of the recital that it was for "rent for June for use of floats." It is readily seen that the evidence is directly contradictory. The trial court, having seen and heard the witnesses, was better qualified than we are to determine the facts. This court has many times decided that the findings of the trial court will not be disturbed where the evidence is conflicting, unless the weight of the evidence is clearly against the findings. *Washington Dredging, etc., Co. v. Partridge,* 19 Wash. 62 (52 Pac. 523); *Riddell v. Brown, ante,* p. 514.

The judgment will therefore be affirmed.

REAVIS, C. J., and FULLERTON, ANDERS and HADLEY, JJ., concur.