[No. 4764. Decided March 12, 1904.]

ADELAIDE B. McDONALD, *Appellant,* v. DENNIS Mc-
DONALD, *Respondent.*[1]

APPEAL—DISMISSAL—APPEALABLE ORDER—DIVORCE—JUDGMENT—
VACATION OF DECREE ON GROUND OF FRAUD WHEN APPEALABLE. An
appeal from a judgment refusing to vacate a default judgment of
divorce will not be dismissed on the ground that decrees of di-
vorce are expressly excepted by statute from the provisions re-
lating to the vacation of judgments, where it appears that the
vacation of such decree is sought on the ground that it was pro-
cured by fraud.

DIVORCE—VACATION OF DECREE ON GROUND OF FRAUD—SUFFICI-
ENCY OF EVIDENCE. Where a decree of divorce is sought to be
vacated on the ground that plaintiff fraudulently stated the de-
fendant's address at O, when he knew it to be at C, whereby
plaintiff was deprived of an opportunity to appear, findings refus-
ing to vacate the decree will not be disturbed where it appears
that the parties had been separated for more than twenty years,
that C was formerly the defendant's address, that O was a new
town near by, that plaintiff had lived in the farther west, and the
evidence failed to show that he knew O to be defendant's address.

SAME—DISCRETION OF LOWER COURT—ACTUAL NOTICE OF SUIT—
NEGLECT OF DEFENDANT. The vacation of a judgment of divorce
on the ground of fraud involves a matter of discretion that will
not be interfered with on appeal where it appears that the defend-
ant had actual knowledge of the pendency of the action about
one month before the decree was entered and the injury might
have been due to her own neglect.

[1]Reported in 75 Pac. 865.

Appeal from an order of the superior court for Spokane county, Belt, J., entered December 31, 1902, dismissing plaintiff's petition for the vacation of a decree of divorce, after a trial on the merits before the court without a jury. Affirmed.

*Adolph Munter,* for appellant.

*Wm. Sherman Dawson* and *Graves & Graves,* for respondent.

HADLEY, J.—The respondent procured a decree of divorce against appellant. Appellant being a nonresident of the state, service of summons was made by publication. The service was regular upon its face, default was entered for want of appearance, and decree rendered. The decree was entered in February, 1902. In August of the same year this proceeding was begun for the purpose of procuring a vacation of the decree of divorce. Vacation of the decree was denied, and this appeal is from the order of denial.

Respondent moves to dismiss the appeal, and to affirm the judgment, on the ground that the statutory provisions relating to the vacation of judgments are not applicable to decrees of divorce, for the reason that such are expressly excepted by statute. This court has so held in *Metler v. Metler,* 32 Wash. 494, 73 Pac. 535. That decision was based upon the provisions of § 4880, Bal. Code. The statutory exception which is there pointed out, and the manifest and wholesome reasons for it which are there discussed, need not be repeated here. It was observed in that opinion, however, that such a decree may be lawfully vacated when entered without jurisdiction, "and perhaps where it is the result of fraud practiced on the court or the other spouse." Appellant in effect charges respondent

with practicing such fraud, in that she avers that he knew her proper postoffice address, but that he intentionally stated in his affidavit a wrong name for her postoffice, and caused the copy of the complaint and summons to be mailed to such wrong address, whereby she claims she was deprived of actual knowledge of the pendency of the suit, and did not receive such knowledge in time to defend the action.

We appreciate the force of respondent's argument that to hold that a decree of divorce may be vacated even for such fraud may, in some instances, lead to the same unfortunate complications which are suggested in the case above cited, as furnishing the reasons for the statutory rule excepting divorce decrees from vacation. It is quite possible for a decree of divorce, regular upon its face, to be procured by the practice of such fraud, and, after the expiration of six months, as permitted by law in this state, the party thus apparently regularly divorced may marry an innocent person. Again, if, at any time within a year from the date of the decree under the statute governing vacations, the wronged party in the divorce proceedings may petition for the vacation of the decree, it follows not only that such an aforesaid innocent person may have contracted an unlawful marriage, but the legitimacy of children may also become involved. It is impossible, however, to avoid suffering for the innocent in all cases. Such is true when a bigamous marriage occurs without even a prior attempt at divorce procedure. It would seem to be violative of fundamental principles to hold that a divorce decree, fraudulently procured, may not be timely assailed by the innocent party to the proceedings. Such a one is the first sufferer to whom it would seem the law should afford first relief. The motion to dismiss the appeal is therefore denied.

Appellant by this proceeding asks the vacation of the decree of divorce, and that she be permitted to file an answer and defend in the original action. The court ordered the dismissal of the proceedings, and recited in the order that the petition is not sustained by the evidence, and that appellant has made out no cause for the vacation of the judgment. She assigns that the court erred in so holding. The ground relied upon for the vacation is that respondent knew that appellant's postoffice address was Odessa, Missouri, and made affidavit for the purposes of a publication summons that her address was Columbus, Missouri; that he mailed the copies of summons and complaint to her at the latter place, by which she was prevented from receiving them, and that she knew nothing of the pendency of the action until the latter part of January, 1902, when she understood the decree had already been entered. The decree was, however, not entered until February 28, 1902. Thus the petition shows actual knowledge of the existence of the suit for one month before the entry of the decree.

The statute, § 4877, Bal. Code, provides the manner of serving publication summons. It does not require that the defendant shall actually receive a copy of the summons and complaint in order to effect a valid service. It only requires that copies shall be mailed to the defendant's residence, if it is known to the plaintiff. When, therefore, a plaintiff sincerely believes that he knows the defendant's residence, and, with such an honest belief, mails the copies to such place, the defendant is not entitled to have the service held invalid on the mere ground that his residence is elsewhere, and that he did not receive the papers.

We are not disposed to say that the trial court should have found, from the evidence in this case, that respondent

did not act from an honest belief in the matter of the mailing of the publication summons. The parties had been separated for about twenty-four years. Appellant continued to reside in the state of Missouri, where the two formerly resided together. Respondent meantime had resided in the farther west at Butte, Montana, and elsewhere. The evidence shows that Odessa and Columbus, Missouri, are in the same locality, and that during a portion of the time appellant has resided upon a farm not distant from either place. The farm is about five miles from Columbus, and the latter was the postoffice address for the occupants of the farm when respondent left that country. Odessa was not then in existence. While it is true that respondent had learned of its existence, and had written a letter to his son there, at appellant's request, yet we do not think it can be conclusively said from the evidence that he knew said place to be appellant's postoffice address. If he had deliberately intended to deceive in the matter, it seems more probable that he would have named some place remote from appellant, rather than one so near her.

Moreover, the evidence shows that appellant did receive actual notice of the pendency of the action. Whether she received the letter containing the summons and complaint which was addressed to her at Columbus or not, she did in any event receive notice from some source in time to have made at least an effort to defend before the judgment was entered. Her application for leave to defend was not filed for several months after the judgment. If she knew of the action in time to defend before judgment, then the pendency of the action was not, as she contends, so concealed from her by fraud that she was deprived of the opportunity of making a defense she otherwise would have made. The

trial court did not enter any specific findings, but to support its order it must have found that the weight of the testimony was with respondent in the above particulars. We are unwilling to say that it is otherwise, and, since the weight of the evidence is not clearly against the court's findings and decision, we shall not interfere therewith. *Furth v. Kraft,* 25 Wash. 590, 66 Pac. 47. Where the vacation of a judgment involves the exercise of discretion, this court has said it will not interfere therewith, unless the discretion has been abused. *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182.

This proceeding, it is true, is based upon alleged fraud, and if it were clear that appellant was injured as the direct result thereof, there would seem to be no room for discretion, but she should be relieved as a matter of right. Inasmuch, however, as it appears that she received actual knowledge of the pendency of the action, it became a question whether her alleged injury was due to her own neglect. It was, therefore, at least a matter of discretion with the court as to what weight should be attached to the fact of actual knowledge, under the circumstances.

The judgment is affirmed.

MOUNT, ANDERS, and DUNBAR, JJ., concur.