[No. 40578. En Banc. April 23, 1970.]

JOHNNY WARE et al., *Respondents*, v. AL PHILLIPS, *Appellant.**

*Sullivan, Redman & Winsor*, by *M. Chandler Redman*, for appellant.

*John Caughlan*, for respondents.

ROSELLINI, J.—In 1962, the appellant Al Phillips was sued by one MacLane. As part of that proceeding, Al Phillips commenced an action against Mary Olsen Phillips

*Reported in 468 P.2d 444.

upon an alleged debt. He sued out a writ of garnishment directed to the respondents, worded as follows:

THE STATE OF WASHINGTON TO JOHNNY WARE AND JERLINE L. WARE, his wife, a marital community, GREETING: WHEREAS, in the Superior Court of the State of Washington in and for said County, in a certain cause wherein William M. MacLane is plaintiff and Al Phillips and Jane Doe Phillips, his wife, are defendants and Al Phillips is Third Party Plaintiff and Mary Phillips is Third Party Defendant, the Third Party Plaintiff claiming on indebtedness against said Mary Phillips of Three thousand five hundred seventy-eight and 8/100 Dollars ($3,578.08), besides interest from June 11, 1962, at six per cent per annum and cost of suit, has applied for a writ of garnishment against you:

Now THEREFORE, You are hereby commanded to be and appear before the said Court within twenty days after the service upon you of this writ, if served within County aforesaid, and within thirty days after the service of this writ upon you if served in any other County in the State, then and there to answer upon oath in what amount, if any, you are indebted to the said Mary Phillips and were when this writ was served upon you, and what effects, if any, of the said Mary Phillips you have in your possession or under your control, and had when this writ was served upon you.

At that time, the respondents were purchasing a house from Mary Olsen Phillips, under a conditional sale contract, and were making monthly payments of $85. No payment was due when the writ was allegedly served. The respondents' contract balance was $8,041.68. Mary Olsen Phillips in turn owed $7,812.52 to the assignees of her own contract vendors. Thus her equity in the property was $229.16.[1] Out of the $85 per month which she received from the respondents, she was obliged to pay $80 per month on her contract for the purchase of the property.

---

[1]The debtor here, Mary Olsen Phillips, was herself a contract vendee of the property. Her interest was attachable. *Eckley v. Bonded Adjustment Co.*, 30 Wn.2d 96, 190 P.2d 718, 1 A.L.R.2d 717 (1948). Attachment of that interest would appear to be a more satisfactory means of reaching the asset than the method used here, that of garnishing the debtor's contract vendee.

The respondents did not answer the writ, and the appellant took a default judgment against them in the amount of his claim against Mary Olsen Phillips, which was $3,578.08, as then authorized by RCW 7.32.170.[2] Later he obtained judgment against Mary Olsen Phillips for $3,148.36, plus costs of $36.

The respondents received no notice of the judgment against them until 4 years later when they attempted to sell the property which they were purchasing from Mary Olsen Phillips and learned of the existence of the default judgment as a result of a title report. They brought this action to set aside the judgment, claiming that they had never been served with the garnishment.

The trial court found that the respondents' testimony that they had not been served was insufficient to overcome the force of the affidavit of an employee of the Attorneys Messenger and Process Service, Inc., that he had served the writ, but it refused to find that the respondents had received actual notice. The court held that, regardless of whether the respondents received the writ, the judgment entered against them was void under article 1, section 3 of the Washington State Constitution, and the fourteenth amendment of the United States Constitution (guaranteeing due process of law), because the notice contained in the writ was insufficient to support a money judgment against the respondents.

 It is the rule in ordinary cases that an order vacating a judgment is not appealable. However, where as here the judgment is assailed in an independent action, and the vacation order is contained in the *final* judgment in the independent action, this court has jurisdiction to hear the appeal. *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 P. 1158 (1917).

Challenging the trial court's holding, the appellants admit that the respondents were entitled to notice and an

---

[2]RCW 7.32.170 "Should the garnishee fail to make answer to the writ within the time prescribed therein, it shall be lawful for the court, . . . to render judgment by default against such garnishee for the full amount claimed by plaintiff against the defendant, . . ."

opportunity to be heard, but they contend that the notice contained in the writ was all that was necessary to comply with the constitutional requirements of due process.

■ We cannot agree with this proposition. It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy. In the leading case of *Hovey v. Elliott*, 167 U.S. 409, 42 L. Ed. 215, 17 S. Ct. 841 (1897), the United States Supreme Court held that a court could not punish a defendant for contempt in a civil action by depriving him of the right to defend.

The court in that case was primarily concerned with the right to be heard, but its reasoning was that, without such right, the right to notice was meaningless, and it made it clear that notice itself, in order to be adequate, must apprise a party that judgment will be entered against him if he does not appear. Reviewing the precedents, the Supreme Court quoted, at 414-15, the following from *Windsor v. McVeigh*, 93 U.S. 274, 23 L. Ed. 914 (1876):

"That there must be notice to a party of some kind, actual or constructive, to a valid judgment affecting his rights, is admitted. Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law if its organization, over the subject-matter. But notice is only for the purpose of affording the party an opportunity of being heard upon the claim or the charges made; it is a summons to him to appear and speak, if he has anything to say, *why the judgment sought should not be rendered.*

(Italics ours.)

And, at page 416 in the same opinion, the court quoted the following from *Capel v. Childs*, 2 Cromp. & Jer. 558 (1832):

"A party has a right to be heard for the purpose of explaining his conduct; he has a right to call witnesses, for the purpose of removing the impression made on the mind of the bishop; he has a right to be heard in his own defence. On consideration, then, it appears to me, that, if the requisition of the bishop is to be considered a judgment, it is against every principle of justice that that judgment should be pronounced, not only without giving the party an opportunity of adducing evidence, but with-

out giving him *notice of the intention of the judge to proceed to pronounce the judgment."*

(Italics ours.)

 The flaw in the writ, and in the statute authorizing it, RCW 7.32.100[3] is that no notice was provided that a claim was being asserted against the garnishees or that a judgment might be taken against them if they failed to answer. They were not apprised that their property was in jeopardy, and the judgment against them, rendered without such notice, was void because they were not accorded due process of law.

It does not follow that a garnishee defendant receiving such a writ may disregard it with impunity. Under RCW 7.20.010, the respondents were guilty of contempt, if they were in fact served with the writ, but before they could have been punished, they would have been entitled to an opportunity to show that they had not received the writ. *See* RCW 7.20.040. And, if the service was defective, they would have been in a much better position to prove it at that time, when the facts were fresh in the memories of all the persons involvd.

For the respondents' failure to answer, the appellants had a remedy under the provisions of RCW 7.20.100 or RCW 12.16.050, but they could recover only the actual damages suffered and only by bringing a civil action, with its attendant notice and opportunity for hearing.

The injustice of penalizing a defaulting garnishee by holding him liable for the debt of the defendant in the main action, without having warned him that this would be his penalty, is apparent when the happier position of the debtor himself is considered. That defendant must have a summons advising him to appear and answer a claim being asserted against him. He must be advised of the amount of

---

[3]The garnishment statute was amended in 1967, and was repealed and reenacted in 1969. It now provides for a warning to the garnishee that judgment may be taken against him in the full amount of plaintiff's claim if he fails to answer and also facilitates his answer by providing him with interrogatories and directions for mailing his answer to the proper parties. Laws of 1969, 1st ex. ses., ch. 264, § 11.

the claim and he must be warned that judgment will be taken against him if he fails to answer. Civil Rule for Superior Court 4(b). A judgment in default cannot go further than the allegations of the complaint. *Sceva Steel Bldgs., Inc. v. Weitz,* 66 Wn.2d 260, 401 P.2d 980 (1965); *Stablein v. Stablein,* 59 Wn.2d 465, 368 P.2d 174 (1962); *State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950); *Bates v. Glaser,* 130 Wash. 328, 227 P. 15 (1924); and *In re Sixth Avenue West,* 59 Wash. 41, 109 P. 1052 (1910). In *State ex rel. Adams v. Superior Court, supra,* this court said:

> [A] defendant has a right to allow a default to be taken against him secure in the knowledge that the judgment or decree will not exceed the demand of the complaint. The principle upon which such a rule rests is that the court is without jurisdiction to grant relief beyond that which the allegations and prayer of the complaint may seek. If, upon the hearing of the matter before the court, the complaining party desires additional relief, or if the court feels that other or additional relief should be awarded, the defendant is entitled to have notice given to him and an opportunity to be heard on the merits thereof; otherwise, he is denied procedural due process of law in violation of § 3, Art. I, of our constitution. *In re Groen,* 22 Wash. 53, 60 Pac. 123; *Morley v. Morley,* 131 Wash. 540, 230 Pac. 645; *In re Hendrickson,* 12 Wn. (2d) 600, 123 P. (2d) 322. In the latter case, we said:
>
> "The essential elements of the constitutional guaranty of due process, in its procedural aspect, are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case."
>
> . . .

A judgment entered without notice and opportunity to be heard is void. *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23. In that case, we said:

> "It is elementary law that a default judgment cannot award any relief beyond that which the facts alleged in the complaint in the action show the plaintiff legally entitled to. This also means, of course, that if a complaint wholly fails to state facts legally entitling the plaintiff to any recovery, or states facts affirmatively showing that the plaintiff has no right of recovery, as those complaints

did, a default judgment rendered thereon is void, just as such a default judgment would be void in so far as it awarded relief beyond that which the allegations of the complaint showed the plaintiff legally entitled to."

It will be noted from the above quotation and the tenor of the remainder of the opinion on the subject there are two situations in which a default judgment may be void: (1) if the complaint states facts affirmatively showing that the plaintiff has no right of recovery, or (2) if the complaint lacks those averments which are necessary to show his right to recover.

Even in the absence of a default, a judgment may not exceed the demand of the complaint. *See Abbott Corp. Ltd. v. Warren,* 56 Wn.2d 606, 354 P.2d 926 (1960). Also, *Olwell v. Nye & Nissen Co.,* 26 Wn.2d 282, 173 P.2d 652, 169 A.L.R. 139 (1946); *Belle City Mfg. Co. v. Kemp,* 27 Wash. 111, 67 P. 580 (1902).

If a judgment taken against an admitted or proven debtor may not exceed the demand of the complaint, a fortiori judgment cannot be taken against a party who owed the plaintiff nothing, when he has been notified of no claim against him and warned of no impending judgment.

The basis for the constitutional objection becomes clear when we consider the rationale upon which a default judgment is permitted. The theory is that it is reasonable to assume that one against whom a claim is made will assert a defense if he has one, and if he fails to answer, presumably he admits the validity of the claim. 1 H. Black, A Treatise on The Law of Judgments, ch. 4, § 84 (2nd ed. 1902). CR 8(d). *See Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 53 L. Ed. 530, 29 S. Ct. 370 (1909), wherein the United States Supreme Court discussed the case of *Hovey v. Elliott, supra,* and pointed out that a court may not punish for contempt by striking out a defense, but that a legislature may create a presumption that a party who refuses to make discovery admits the want of merit in his asserted defense. In that opinion, the case of *Lawson v. Black Diamond Coal Mining Co.,* 44 Wash. 26, 86 P. 1120 (1906), is cited with approval. This court said in *Lawson,* at 32:

If . . . the refusal of a party to attend and testify at

the trial, or to give his deposition, be treated as an implied admission of the facts at issue on his part, the same as a failure to deny the allegations of a pleading, we think the statute is free from constitutional objection. From a party's refusal to testify it may well be presumed that, if his testimony were given, it would sustain the cause of action or defense of his adversary, and we think that this is a presumption the law and the courts have a right to indulge.

*See also* CR 37(b).

■ But a statute which creates a presumption which is arbitrary, or which operates to deny a fair opportunity to repel it, violates the due process clause of the fourteenth amendment to the United States Constitution. *Manley v. Georgia,* 279 U.S. 1, 73 L. Ed. 575, 49 S. Ct. 215 (1929); *Seattle v. Ross,* 54 Wn.2d 655, 344 P.2d 216 (1959).

That is the effect of RCW 7.32.170 prior to the 1967 amendment of RCW 7.32.100, operating as it did in conjunction with that provision. The latter statute authorized a writ which gave no notice that a claim was being asserted against the garnishee or that a judgment might be taken against him, while the former authorized such a judgment in the amount of another's debt to the plaintiff. Where no claim is asserted, there is no logical basis for a presumption that a garnishee's failure to answer a writ is an admission that a valid claim exists. If it was the legislative intent to punish the defaulting garnishee for contempt, it chose a punishment which the constitution prohibits. *Hovey v. Elliott,* 167 U.S. 409, 42 L. Ed. 215, 17 S. Ct. 841 (1897); *Hammond Packing Co. v. Arkansas, supra; Lawson v. Black Diamond Coal Mining Co., supra.*

The appellant suggests that this court has upheld the statute in the past and cites *Bishop v. Illman,* 14 Wn.2d 13, 126 P.2d 582 (1942); *Knettle v. Kennett,* 12 Wn.2d 261, 121 P.2d 343 (1942); and *Pacific Coast Paper Mills v. Pacific Mercantile Agency,* 165 Wash. 62, 4 P.2d 886 (1931). The constitutionality of RCW 7.32.170, as read in conjunction with RCW 7.32.100 (as they existed prior to 1967), was not challenged in any of those cases. In two of the cases, we

merely recognized the applicability of the statute to the particular facts. In the third case cited, *Knettle v. Kennett, supra,* we held that the trust property in the hands of the garnishee was not subject to the writ. Another case of this sort, not cited by the appellant, is *Rule v. Somervill,* 150 Wash. 605, 274 P. 177 (1929).

Although the appellant declares that at least 17 states have similar statutes, our research has revealed no case in which the constitutionality of this statute has been sustained nor any case in another jurisdiction sustaining such a statute in the face of a claim that it denies due process of law to the garnishee. According to 2 R. Shinn, A Treatise on the American Law of Attachment and Garnishment, §§ 683-84 (1896), and 6 Am. Jur. 2d *Attachment and Garnishment* §§ 388-89 (1963), most states require the giving of some further notice before a final judgment can be entered against the garnishee, and generally a default judgment can be taken only for the amount actually owed by the garnishee, not for the full amount of the judgment in the main action.

The United States Court of Appeals for the District of Columbia set aside default judgments against a garnishee more than 4 years after they were entered in *Austin v. Smith,* 312 F.2d 337 (D.C. Cir. 1962). The statute under consideration there provided for taking a default against the garnishee in the full amount of the judgment against the principal defendant, but only if he failed to answer interrogatories or show cause why the judgment should not be entered against him. The court found in the record no proof that the interrogatories had been served upon the garnishee. Noting that the statute was in derogation of the common law and, therefore, to be construed strictly, as was the judgment based upon it, the court held the judgment void because of this lack of an affirmative showing that the garnishee actually was served with the interrogatories.

While the opinion does not disclose the wording of the writ, it is safe to surmise that it ordered the garnishee to answer the interrogatories or show cause why judgment in

888

the full amount of the plaintiff's claim should not be entered against him.

The court pointed out that the statute was harsh, but its constitutionality was not discussed, apparently not having been questioned.

We are convinced that upon the legal principles heretofore discussed, the entering of a default judgment against the respondents without notice to them that a claim was being asserted against them and that if they failed to answer a judgment would be taken in the amount of the claim, was a denial of due process of law. The trial court correctly held that the judgment was void.

The judgment in this case is affirmed.

ALL CONCUR.