[No. 1532-3.    Division Three.    April 6, 1976.]

ALICE STALEY, *Appellant*, v. RAEFORD D. STALEY, *Respondent.*

*Gerald L. Mikesell, Charles C. Flower,* and *Wilson & Flower,* for appellant.

*Perry J. Robinson,* for respondent.

MUNSON, J.—Alice Staley appeals from an order vacating an in rem default judgment and setting aside a subsequent sheriff's sale at which she purchased certain real property owned by the defendant, Raeford D. Staley. ·

Appellant contends the trial court erred in concluding that the respondent was entitled to adequate notice of the attachment of his real property and an opportunity for hearing thereon prior to entry of judgment. We affirm.

Mr. and Mrs. Staley were married in 1971. In 1972, Mrs. Staley commenced an action for divorce by filing a summons and complaint, neither of which were apparently served. On June 8, 1973, she filed an amended complaint, seeking in addition to a dissolution a judgment in the amount of $2,500 as a property settlement and $550 in attorney's fees. She stated in her amended complaint that "simultaneously with the filing of this Amended Complaint"

she had attached defendant's interest in the described real property (RCW 7.12.020[1]) located within the city of Yakima and that the property would be sold and the proceeds applied toward satisfaction of the judgment in the amount of $3,050. Concurrently with the filing of the amended complaint, she filed an affidavit in support of her request for issuance of a writ of attachment, as well as a motion and affidavit seeking service by publication of the amended complaint pursuant to RCW 4.28.100(4),[2] *i.e.*, an action for divorce. Following the customary language, the published notice merely stated: "The object of this action is to obtain a divorce."

On October 12, 1973, the court entered a default decree of

---

[1] "The writ of attachment shall be issued by the clerk of the court in which the action is pending; but before any such writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with such clerk an affidavit showing that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant, and either:

". . .

"(2) That the defendant is not a resident of this state; or

"(3) That the defendant conceals himself so that the ordinary process of law cannot be served upon him; or

"(4) That the defendant has absconded or absented himself from his usual place of abode in this state, so that the ordinary process of law cannot be served upon him; or"

[2] RCW 4.28.100(4):

"When the defendant cannot be found within the state (of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is prima facie evidence), and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

". . .

"(4) When the action is for divorce in the cases prescribed by law;"

divorce and a judgment in rem against Mr. Staley. Findings in support of the dissolution provided: (a) that Mr. Staley had left the state to avoid service of process in this action; (b) that Mr. Staley owned certain described real property which had been attached and was subject to the jurisdiction of the court; (c) that Mrs. Staley was to be awarded a judgment in rem against the interest Mr. Staley held in the real property in the amount of $3,050; and (d) that the property was to be sold in satisfaction of the judgment. Thereafter, the property was sold at sheriff's sale to Mrs. Staley.

Within 1 year following entry of the decree of dissolution and judgment, Mr. Staley moved to vacate the judgment awarding Mrs. Staley the sum of $3,050 to be satisfied against his interest in the realty.[3] A hearing was held and the court granted Mr. Staley's motion, concluding that the published notice did not afford the defendant adequate notice of the attachment of his property nor an opportunity to be heard thereon prior to entry of the judgment; thus, the writ issued in violation of the defendant's constitutional right to due process of law.

■ Due process of law as provided by the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution requires

---

[3]RCW 4.28.200, providing:

If the summons is not served personally on the defendant in the cases provided in RCW 4.28.110 and 4.28.180, he or his representatives, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action and, except in an action for divorce, the defendant or his representative may in like manner be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just; and if the defense is successful, and the judgment, or any part thereof, has been collected or otherwise enforced, such restitution may thereupon be compelled as the court directs.

is not applicable. The respondent contends that the in rem judgment as it affects his interest in the realty is void for want of jurisdiction; he does not challenge the entry of the decree of dissolution. A judgment, void for lack of jurisdiction, is assailable at any time. *Columbia Valley Credit Exch., Inc. v. Lampson*, 12 Wn. App. 952, 956, 533 P.2d 152 (1975).

adequate notice and an opportunity to be heard prior to deprivation of a significant property interest. *North Georgia Finishing, Inc. v. DI-Chem, Inc.*, 419 U.S. 601, 42 L. Ed. 2d 751, 95 S. Ct. 719 (1975); *State v. One 1972 Mercury Capri*, 85 Wn.2d 620, 537 P.2d 763 (1975); *Olympic Forest Prods., Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 511 P.2d 1002 (1973); *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969); *Seattle Credit Bureau v. Hibbitt*, 7 Wn. App. 219, 499 P.2d 92 (1972); *Lucas v. Stapp*, 6 Wn. App. 971, 497 P.2d 250 (1972). In certain instances, this procedure may be postponed until subsequent to the seizure; but nevertheless, an adequate notice and meaningful opportunity to be heard must be afforded prior to judgment. In *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972), the court, after setting forth the general rule, noted at pages 90-91:

> There are "extraordinary situations" that justify postponing notice and opportunity for a hearing. *Boddie v. Connecticut* [401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971)], 401 U.S., at 379. These situations, however, must be truly unusual. Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing.

(Footnote omitted.) *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 40 L. Ed. 2d 406, 94 S. Ct. 1895 (1974); *Thompson v. DeHart*, 84 Wn.2d 931, 530 P.2d 272 (1975).

■ Until adequate notice, actual or constructive, is given, the court has no jurisdiction to proceed to judgment. *Ware v. Phillips*, 77 Wn.2d 879, 468 P.2d 444 (1970),[4] and **authority cited therein. RCW 4.28.110 requires that the "publication shall also contain a brief statement of the object of the action." To state that object as an action for divorce complies with the requirements of due process where the only result sought is a dissolution. Where the prayer of the complaint requests additional relief such as**

---

[4]"It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy." *Ware v. Phillips, supra* at 882.

the distribution of property, however, merely stating the action is for divorce does not comport with due process.[5] This notice, having failed to inform the defendant of the attachment of his property and that such would be sought in satisfaction of judgment,[6] violated the due process requirements of the fourteenth amendment to the United States Constitution[7] and article 1, section 3 of the Washington State Constitution.

---

[5]In *Goore v. Goore*, 24 Wash. 139, 141, 63 P. 1092 (1901), the court was confronted with the question of the sufficiency of a published notice in a divorce action, which read in part:

The object of said action is to obtain a judgment and decree of said court in favor of said plaintiff against you, forever dissolving the bonds of matrimony . . . *and of the equitable distribution to plaintiff of the property, real and personal, of plaintiff and yourself.*

(Italics ours.) The court held that notice was sufficient to inform the defendant that his separate property was subject to distribution in the dissolution proceeding. Unlike *Goore*, the notice in the instant action makes no reference to distribution of the defendant's property, its attachment, or the request that it be sold in satisfaction of judgment.

[6]Cases such as *Sommerfeldt v. Union Painting* Co., 57 Wn.2d 250, 356 P.2d 601 (1960), concluding that seizure of a defendant's property, in and of itself, imparts notice to the defendant that it may be sold to satisfy a judgment, have been impliedly overruled by *North Georgia Finishing, Inc. v. DI-Chem, Inc., supra; Fuentes v. Shevin, supra; Sniadach v. Family Fin. Corp., supra; Thompson v. DeHart, supra;* and *Olympic Forest Prods., Inc. v. Chaussee Corp., supra.* Notice by seizure does not withstand the rigors of constitutional due process as defined by those cases.

[7]The United States Supreme Court in interpreting the due process clause of the Fourteenth Amendment has stated: "Its adequacy [substituted service] so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice (*McDonald v. Mabee, supra* [243 U.S. 90, 61 L. Ed. 608, 37 S. Ct. 343 (1940)]) implicit in due process are satisfied." *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339, 132 A.L.R. 1357 (1940). "Due process does not, . . . require that the defendant in every civil case actually have a hearing on the merits. A State, can, for example, enter a default judgment against a defendant who, *after adequate notice*, fails to make a timely appearance, . . ." (Italics ours.) *Boddie v. Connecticut*, 401 U.S. 371, 378, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971). "An elementary

We do not decide whether notice of attachment in a dissolution proceeding must precede the attachment. Here, no notice of attachment was ever afforded the defendant at any time prior to judgment. We do not decide whether the defendant's unavailability for service constitutes an "extraordinary circumstance" permitting the attachment and postponement of notice until subsequent to the seizure. We are familiar with footnote 23 of *Fuentes v. Shevin, supra* at 91, which states that where attachment is necessary for jurisdictional purposes, such constitutes an extraordinary circumstance. That comment does not eliminate the requirement of adequate notice. Furthermore, had the defendant been provided adequate notice of the prayer in the amended complaint, the court may have had in personam jurisdiction over the defendant's negating the necessity for an attachment to acquire in rem jurisdiction. *See Dobbins v. Beal*, 4 Wn. App. 616, 620, 483 P.2d 874 (1971). These determinations must await an appropriate case.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

---

and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated,* under all the circumstances, *to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections. . . . The notice *must* be of such nature as reasonably to *convey the required information,* . . ." (Citations omitted. Italics ours.) *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950).