[No. 5643-1-III.   Division Three.   May 30, 1984.]

*In the Matter of the Marriage of* JOYCE M. CAMPBELL, *Respondent, and* MICHAEL D. CAMPBELL, *Appellant.*

*John Demco* and *Demco, Zaetsch & Kemp,* for appellant.

*Robert C. Scanlon* and *Dellwo, Rudolf & Schroeder,* for respondent.

THOMPSON, J.—Michael Campbell appeals a denial of his motion to vacate a default judgment ordering the distribution of community property. We reverse.

Joyce and Michael Campbell were married in 1969. In August 1978, Mrs. Campbell filed a petition for divorce. This petition was abandoned when the parties reconciled. During the first separation, Mrs. Campbell communicated with Mr. Campbell via correspondence and phone calls directed to Mr. Campbell's parents' address.

The parties talked in November 1979. Mr. Campbell refused to tell Mrs. Campbell his address, except that he was living in Seattle. In January 1981, Mrs. Campbell filed a new petition for divorce. She signed an affidavit stating:

> That to the best of my knowledge my husband is currently residing in King County. That on several occasions I have attempted to learn my husband's address but have been unsuccessful in doing so. That since the date of our

separation my husband has refused to advise me of where he is living and has refused to permit others to provide me with this information. In view of this, I believe the only method by which my husband can learn of the pendency of this action is through service by publication.

Mrs. Campbell then made service by publication in the Spokane Valley Herald. The published notice stated the following language:

The petitioner has filed with the Clerk of the above court a petition requesting that your marriage be dissolved. Additional requests, if any, are stated in the petition which has been filed with the Clerk of the Court.

In April 1981, an order of default was entered against Mr. Campbell and a decree of dissolution was granted as requested by Mrs. Campbell. She remarried in May 1982, and is now Joyce Zentz. In November 1982, Mr. Campbell filed a motion to vacate those portions of the decree of dissolution that distributed property and allocated debt.

Mr. Campbell first contends service of process by publication required Mrs. Zentz to first exercise a reasonable degree of diligence in seeking personal service on him. We conclude Mrs. Zentz did exercise reasonable diligence in effecting personal service.

CR 4(d)(3) provides that service can be made by publication as provided in RCW 4.28.100 and .110. RCW 4.28-.100 authorizes service by publication in a dissolution action when a plaintiff files an affidavit stating that he believes the defendant cannot be found in the state.

Although this statute does not specifically require a search or inquiry, Washington courts have adopted the rule that a reasonable search is necessary. *White v. White*, 24 Wn.2d 52, 163 P.2d 137 (1945); *Chase v. Carney*, 199 Wash. 99, 90 P.2d 286 (1939). The statute does not require the summons to be sent to the last known address if the plaintiff· or attorney states in the affidavit that the residence is not known to the affiant. *Kahn v. Thorpe*, 43 Wash. 463, 86 P. 855 (1906). We find the affidavit by Mrs. Zentz satisfied the requirements of the statute. Mrs. Zentz stated that she

was unable to find Mr. Campbell and publication was the best method of service.

Mr. Campbell argues Mrs. Zentz could have mailed service to the address of his parents, citing *Ashley v. Superior Court*, 83 Wn.2d 630, 521 P.2d 711 (1974). *Ashley* does not control here. In *Ashley*, the petitioner was an indigent. Both publication of summons and service of summons by the sheriff involved expenses which the petitioner could not afford to pay. Thus, strict imposition of the statutory method of service of process would have denied petitioner her right to bring her action for divorce. To protect petitioner's right to a divorce, the *Ashley* court had to order the payment of public funds to cover the cost of publication or sheriff's service, or it had to fashion a different method of service which would involve only a minor cost to petitioner. Service by publication was not efficient since the respondent was not a Washington resident. Personal service in Oregon was remote since respondent frequently traveled. Service by mail to the parents of respondent was the most feasible. The court fashioned this remedy only because the petitioner was indigent, not as an amendment to the existing statutory methods of service.

In the present case, Mrs. Zentz was not indigent and Mr. Campbell lived in state. Thus, no alternative service was necessary. A petitioner need only mail a summons to respondent if she knows his address. Here, Mrs. Zentz stated in her affidavit that she did not know Mr. Campbell's address, and Mr. Campbell had refused to tell Mrs. Zentz his address. No mailing was necessary. Mrs. Zentz met the minimum due process requirements for service by publication.

Mr. Campbell also contends the published summons violated due process in that it did not give him notice of the property distribution. Thus, any relief granted beyond a marital dissolution should be vacated.

Default judgments are not favored. Although vacation of a default judgment involves the exercise of discretion, abuse of discretion is more likely to be found if the trial

court does not set aside a default judgment. *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 581–82, 599 P.2d 1289 (1979); *McDonald v. McDonald,* 34 Wash. 293, 75 P. 865 (1904).

RCW 4.28.110 provides in part that a "summons for publication shall also contain a brief statement of the object of the action."

In *Staley v. Staley,* 15 Wn. App. 254, 255, 548 P.2d 1097 (1976), the published notice stated, "'The object of this action is to obtain a divorce.'" This court stated:

> Until adequate notice, actual or constructive, is given, the court has no jurisdiction to proceed to judgment. *Ware v. Phillips,* 77 Wn.2d 879, 468 P.2d 444 (1970),[4] and authority cited therein. RCW 4.28.110 requires that the "publication shall also contain a brief statement of the object of the action." To state that object as an action for divorce complies with the requirements of due process where the only result sought is a dissolution. *Where the prayer of the complaint requests additional relief such as the distribution of property, however, merely stating the action is for divorce does not comport with due process.*
>
> [4]"It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy." *Ware v. Phillips, supra* at 882.

(Italics ours.) *Staley v. Staley, supra* at 257–58.

In *Goore v. Goore,* 24 Wash. 139, 141, 63 P. 1092 (1901), the published notice read in part:

> The object of said action is to obtain a judgment and decree of said court in favor of said plaintiff against you, forever dissolving the bonds of matrimony . . . *and of the equitable distribution to plaintiff of the property, real and personal, of plaintiff and yourself.*

(Italics ours.) The court held that notice was sufficient to inform the defendant that his separate property was subject to distribution in the dissolution proceeding.

■ The notice in the present case is like neither *Goore* nor *Staley.* Mrs. Zentz' published summons stated "Additional requests, if any, are stated in the petition which has

been filed with the Clerk of the Court". The issue is whether this language is sufficient to give constructive notice that Mrs. Zentz was seeking the distribution of property. A notice to be meaningful must apprise the party to whom it is directed that his property is in jeopardy. *Ware v. Phillips,* 77 Wn.2d 879, 468 P.2d 444 (1970). A statute permitting service by publication must be strictly followed. *Yarbrough v. Pugh,* 63 Wash. 140, 114 P. 918 (1911). Until adequate notice is given, the court has no jurisdiction to proceed to judgment. *Ware v. Phillips, supra.*

The notice in the present case is ambiguous. It fails to notify Mr. Campbell of any request for property distribution. Instead, that portion of the notice which states "Additional requests, if any . . ." seems to indicate Mrs. Zentz is undecided as to what relief she seeks against Mr. Campbell. It is immaterial that Mr. Campbell did not see the published notice since the notice itself failed to comply with the statute. The notice failed to contain a brief statement that an object of the action was property distribution and debt allocation; thus, it was inadequate to either give the court jurisdiction to distribute property and allocate debt or to inform Mr. Campbell of Mrs. Zentz' claim. Relief granted to Mrs. Zentz beyond dissolution must be vacated. *Columbia Vly. Credit Exch., Inc. v. Lampson,* 12 Wn. App. 952, 533 P.2d 152 (1975); CR 60(b)(4), (5), and (11).

Mrs. Zentz urges this court to take judicial notice of the fact that it is the very rare marital dissolution which does not dispose of community assets and community debts. A court can take judicial notice of adjudicative facts, those (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A court can also take notice of legislative facts, those facts which enable the court to interpret the law. 5 K. Tegland, Wash. Prac., *Evidence* §§ 41, 49 (2d ed. 1982). Judicial notice of Mrs. Zentz' claim for property distribution does not fit within either of these

categories. The purpose of judicial notice is to save time during trial. 5 K. Tegland, Wash. Prac., *Evidence* § 42, at 78. Judicial notice of additional claims not mentioned in Mrs. Zentz' published notice would defeat the purpose of judicial notice. The court will not speculate as to what is in Mrs. Zentz' mind and add to a notice that which has been omitted.

Finally, Mrs. Zentz requests attorney fees. RCW 26.09-.140 provides in part that:

> Upon any appeal, the appellate court may, in its discretion, order a party to pay . . . attorney's fees . . .

In determining whether attorney fees should be awarded, the needs of the requesting party should be balanced against the other party's ability to pay. *In re Marriage of Young,* 18 Wn. App. 462, 569 P.2d 70 (1977).

Mrs. Zentz' affidavit for attorney fees fails to show her need for attorney fees or Mr. Campbell's ability to pay. As such, attorney fees are denied. Mr. Campbell is denied attorney fees for the same reason. In addition, we note counsel failed to comply with RAP 18.1.

That portion of the decree distributing property and allocating debt is reversed and remanded for trial.

GREEN, A.C.J., and MCINTURFF, J., concur.