[No. 3962.   Decided January 2, 1902.]

BELLE CITY MANUFACTURING COMPANY, *Respondent*, v.
G. KEMP, *Appellant*.

APPEAL — NOTICE — SERVICE BY ATTORNEY NOT OF RECORD.

Under Bal. Code, 3 6503, which provides that a party desiring
to appeal may by himself or his attorney serve written notice,
such notice may be served by new attorneys employed by appel-
lant for that purpose without notice to respondent, since Id. §§
4769, 4770, governing the substitution of attorneys is expressly
confined to changes made before judgment or final determination.

SAME — ESTOPPEL TO DISPUTE ATTORNEY'S AUTHORITY.

One who has permitted the appearance of new attorneys in a
cause without raising objection that they were not attorneys of
record is estopped to urge that objection when subsequently
served with notice of appeal by such attorneys.

SALES — ACTION FOR PURCHASE PRICE — INSTRUCTIONS.

In an action to recover the price of a threshing machine from
two defendants, one of whom denied liability therefor, but there
was evidence showing he had agreed to stand by any arrange-
ment made with the other defendant for its sale, the following
instruction was given:  "If you find from the evidence in this
case that defendant Kemp at the time of their first conversation
concerning the purchase of the machine told plaintiff's agent,
Minnick, that any contract that Cook might make with plaintiff
through its agents would be all right with him, and used such
language as would reasonably give the plaintiff to understand
that he would stand by such agreements or contracts relative to
the purchase of such machine, then plaintiff would be justified
in dealing with him, Kemp, by and through Cook, and the acts
and contracts, if any, made by him for himself and Kemp would
bind Kemp.  Any orders or directions by Kemp to Cook would
not affect plaintiff until such time as it, the plaintiff, had notice
or knowledge.  If Kemp authorized Cook to act for him, and
plaintiff had knowledge of it, then he could have withdrawn such
authority by notifying plaintiff of his desire to do so, but not
by giving Cook alone the notice to that effect.  Cook could not
bind Kemp without authority from Kemp."  *Held*, not erroneous
on the ground of being a comment on the facts, since there is no
intimation of the court's view as to what may have been the

facts; nor on the ground of giving special prominence to the testimony of any particular witness; nor on the ground of its failure to state the effect of Kemp's statements, considered either as a collateral or as an original promise, since the sole issue was whether both defendants were originally bound, and not one as surety for the other.

EXCESSIVE JUDGMENT — MODIFICATION ON APPEAL — COSTS TO AP-
PELLANT.
A verdict and judgment for a sum which was five dollars in excess of the amount demanded in the complaint will be remitted on appeal, but the error is not sufficient to justify a reversal nor the recovery of costs on appeal by the appellant.

TRIAL — ADMISSION OF IMPROPER TESTIMONY WITHOUT OBJECTION —
SUFFICIENCY AS EVIDENCE.
Where oral testimony of the assignment of a claim has been admitted without objection, or motion to strike, or demand for the production of the written assignment, the evidence is sufficient to warrant the recovery by the assignee of the amount of the claim.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*Wright & Wright* and *Merritt & Merritt,* for appellant.
*Martin & Grant,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This suit was brought by respondent, a corporation, against Henry Cook and G. Kemp, to recover the price of a threshing machine and its equipments, and for certain mechanical work done thereon. It is alleged that the property sold consisted of "one 32-inch Columbia thresher; one 8-horse triple geared power, style F; two derrick forks, block and cable ropes and derricks, and other necessary implements that usually go with a threshing machine, such as forks,"—and that the agreed price therefor was $835.35, which is unpaid. It is further alleged that the firm of Zuelhke & Schroder were commonly known as

machinists and were doing a general mechanic's business at the time at Davenport, Washington; that the defendants, Cook & Kemp, employed said machinists to build for them a "feeder," and attach the same to the said thresher, which was done; that the reasonable worth of said work was $65, which is unpaid; that prior to the commencement of this suit the said Zuelhke & Schroder sold and assigned said claim to the plaintiff, who now owns the same. Judgment is demanded for the aggregate sum of $895.35. The defendant Kemp answered separately, and denied generally the material allegations of the complaint, and alleged that he never in any way contracted for said threshing machine, and does not now and never has owned or possessed the same, or any part thereof. A trial was had before a jury, and a verdict was returned in favor of the plaintiff and against both defendants for $900.35. A motion for a new trial was made by defendant Kemp, which was by the court denied, and judgment was thereupon entered in accordance with the verdict. From said judgment the defendant Kemp has appealed.

Respondent moves to dismiss this appeal on the ground that no notice of appeal was ever given as required by law. It appears from the record that the firm of Wright & Wright were the appellant's attorneys of record in the court below during all the proceedings that were had prior to and at the time of entering judgment. The notice of appeal is signed by Merritt & Merritt as appellant's attorneys, and the names of Wright & Wright do not appear therein. It is urged by respondent that under the terms of § 6503, Bal. Code, the notice must be signed by the attorney of record. It will be observed by reference to said section that it does not in terms say that the notice shall be signed by the attorney of record, but that the party de-

siring to appeal, ". . . may by himself or his attorney . . . serve written notice . . ." There is a provision in our statute for a change of attorneys, found in § 4769, Bal. Code. That section authorizes a change to be made "at any time before judgment or final determination," and, together with § 4770, outlines the method required to make such change. Before this notice of appeal was given, the case had proceeded to judgment and final determination as far as the superior court was concerned. As we have seen, our statutory provisions for notice when it is desired to change attorneys seem to be limited to the time before final judgment. The statute does not seem to contemplate that the procedure must be followed after final judgment. The statute only requires that the notice of appeal shall be given by the party or his attorney, and it would appear that any attorney who is authorized by an appellant to act has power to give the notice. A respondent can in no way be harmed by this rule. The essential thing to him is that he has received actual notice of his antagonist's intention to appeal. If the appeal is not thereafter prosecuted according to law, a respondent may avail himself of his rights by reason thereof.

If, however, the party against whom an appeal is being taken gives no notice of a change of attorneys after judgment, then the appellant may serve notice of appeal upon the attorneys of record, as decided in *Sturgiss v. Dart*, 23 Wash. 244 (62 Pac. 858). The latter rule is manifestly just, and appellant should not be required to make inquiry of a respondent in order to ascertain if the attorneys of record are authorized to accept service after judgment. But when an appellant has actually changed attorneys after judgment, and by them has given notice of appeal, the respondent is thereby informed, and no inconvenience re-

sults to him.  In addition to the reasons above assigned, the facts shown in this record will prevent respondent from raising this question under another principle.  In *McDonald v. McConkey,* 54 Cal. 143, a motion was made similar to the one made here.  There was, however, a certificate in the nature of a stipulation attached to the transcript, which was signed by respondent's attorney, together with appellant's attorney; and the court held that respondent, by joining with appellant's attorney in the certificate, waived the right to object to his competency.  The rule that was actually decided in the last named case would in any event prevent respondent from raising this point now, since the record shows that appellant's attorneys who now appear for him appeared in the superior court and asked for an extension of time to file a statement of facts, and respondent's counsel then appeared, and did not object to the right of these counsel to appear for appellant at that time.  The motion to dismiss the appeal is denied.

At the trial there was testimony to the effect that appellant, Kemp, was present with defendant Cook, and talked with one Minnick, a representative of respondent, about purchasing a threshing machine; that it was usual when respondent made a sale, if the cash price was not paid, to require the purchaser to sign a written contract in relation to deferred payments; that Kemp objected to signing any written contract; that Minnick was not authorized to sell a machine without a written contract, and his superior, Mr. Glasgow, as the agent of respondent, was then in the East; that Kemp and Cook agreed to wait until Glasgow's return; that Minnick asked Kemp if, upon Glasgow's return, any arrangement he should make with Cook would be satisfactory to Kemp; that Kemp said: "Anything Glasgow does with Cook will be all right with me, and I will stand

to it. Whatever Cook does will be all right with me. He knows all about a threshing machine and I would rely upon his judgment;" that, upon Glasgow's return, Minnick told him what Kemp had said, and thereafter a sale was made without a written contract, and with the understanding on the part of Glasgow that it was made to both Cook and Kemp in pursuance of the conversation above outlined. The remaining negotiations were conducted with Cook, however; Kemp not being present. There was further evidence to the effect that Kemp did not before the sale notify the respondent, or any representative thereof, that he would not be bound by the arrangements that Cook should make. Upon the above phase of the case the court instructed the jury as follows:

"If you find from the evidence in this case that defendant Kemp at the time of their first conversation concerning the purchase of the machine told plaintiff's agent, Minnick, that any contract that Cook might make with plaintiff through its agents, would be all right with him, and used such language as would reasonably give the plaintiff to understand that he would stand by such agreements or contracts relative to the purchase of such machine, then plaintiff would be justified in dealing with him, Kemp, by and through Cook, and the acts and contracts, if any, made by him for himself and Kemp would bind Kemp. Any orders or directions by Kemp to Cook would not affect plaintiff until such time as it, the plaintiff, had notice or knowledge. If Kemp authorized Cook to act for him, and plaintiff had knowledge of it, then he could have withdrawn such authority by notifying plaintiff of his desire to do so, but not by giving Cook alone the notice to that effect. Cook could not bind Kemp without authority from Kemp."

Error is assigned upon the above instruction: First. For the reason that it is a comment upon the facts. We are unable to discover any words in the instruction that justify such criticism. The court simply told the jury that,

if they found certain facts from the evidence, then Kemp would be bound. But there is no intimation as to the court's view of what may have been the facts. Second. It is urged that the instruction is erroneous for the reason that it gives special prominence to the testimony of respondent's witness Minnick. We think the criticism does not suggest error. The court did not say that Minnick had testified to any fact and made no allusion to the individual testimony of any witness. The names of Minnick, Cook and Kemp were all used in the instruction for the purpose of illustrating succinctly to the jury an issue raised by the evidence upon which they must pass. The jury were not told by the court what witness had testified to the state of facts indicated by the instruction, or what witness had denied them. It was known to the jury that the alleged facts were affirmed by certain testimony and denied by certain testimony, and the court simply declared the legal effect of such facts if they found them to be true from the evidence. Third. It is further urged that the instruction should have stated the effect of Kemp's statements, considered either as a collateral or as an original promise. There was, however, no contention made either in the pleadings or upon the trial, that Kemp sustained the relation of a surety to Cook, or that he had orally promised to pay the debt of Cook. The sole issue was whether Kemp was a purchaser together with Cook, and whether he was originally bound. We think the instruction was not erroneous. The evidence was directly conflicting, and the jury found in favor of respondent upon the issue as to Kemp's liability.

It is next assigned as error that the court rendered judgment for a sum in excess of the amount shown by the evidence, and in excess of the amount claimed to be owing.

The complaint alleged the agreed price of the threshing machine and its accompaniments to be $835.35, and that the assigned machinist's bill was $65. The aggregate of these items is $900.35, but the prayer of the complaint is for $835.35, and for $60, as shown in this record. The total amount for which judgment is prayed is $895.35, whereas the verdict was for $900.35. No demand was made for interest, and the jury were not instructed that they could find interest. It thus appears that the verdict was for $5 more than demanded. It is also contended that the verdict was excessive in other particulars. The witness Glasgow testified that the price agreed upon for the machine was, he believed, $715. It appears that this price related to the machine proper, and certain accompanying apparatus was also sold at the same time. Concerning the other items he testified as follows:

"Question: What did the other amount to? Answer: I could not tell. I have not got it before me. Q. I will ask you if it is in the neighborhood of $120. A. Yes, sir. I know it amounted to over $100."

It is true, he states no definite figures more than $100, but, in answer to the question whether it was in the neighborhood of $120, he replied in the affirmative. No objection was made to the form of said question or at all. In view of the fact that no evidence was introduced upon the part of the defense to show any other or different amount, we think the jury were justified in finding the amount of that item to be $120. Adding that item to the $715 above makes $835. The machinist's bill was alleged to be $65, but one member of the firm of machinists testified that it amounted to $60, and the other member put it at $63. Assuming the latter amount to be correct, and adding it to the sum before named, we have $898,—the utmost sum for

which a verdict could have been rendered under the testimony.

It is further urged that no proper assignment of the blacksmith account is shown which will authorize respondent to recover the amount of that item. There was oral testimony that the claim had been assigned to the respondent. No objection was made to the testimony. No motion was made to strike it, and there was no demand that the assignment in writing, if one existed, be produced. Without such objection, motion, or demand the evidence that the account was assigned stands in the record, and shows authority for respondent to recover the amount thereof. As before stated, the evidence did not authorize a verdict in excess of $898, and, since the prayer of the complaint only demands judgment for $895, the amount in excess of the last named sum must be remitted. The verdict and judgment were for $900.35, and the court below is instructed to remit from said sum the excess of $895. The amount is so small we do not think it calls for a reversal of the case, or that respondent should be charged with the costs of the appeal. The rule on appeal from justice courts to the superior court provides, that unless appellant recovers a "more favorable judgment" in the superior court than was recovered in the justice court, he shall not recover costs." In *Baxter v. Scoland,* 2 Wash. T. 86 (3 Pac. 638), it was held that the expression "more favorable judgment" does not mean a few dollars or cents larger or smaller than the judgment recovered in the justice court, but one substantially more favorable, which is to be determined by the court in view of the circumstances of each particular case. While there is no statute directly applicable to such a case on appeal to this court, yet we think, by analogy, at least,

the rule should be applied here. With the exception above named, the judgment is affirmed.

REAVIS, C. J., and FULLERTON, WHITE, ANDERS, MOUNT and DUNBAR, JJ., concur.