[No. 347-2. Division Two. February 1, 1971.]

HELEN MAE LYNN, *Respondent,* v. JAMES EDWARD LYNN, *Appellant.*

*Reed, McClure, Moceri & Thonn* and *Ronald J. Perey,* for appellant.

*A. Clemens Grady,* for respondent.

ARMSTRONG, J.—The defendant, James Edward Lynn, appeals from a divorce decree awarding a divorce, custody of

the children, most of the community assets and a portion of defendant's separate property to plaintiff, Helen Mae Lynn.

This appeal is made more complex by the fact that the defendant became dissatisfied with his trial counsel and sought to substitute attorneys after the oral opinion, but before the entry of findings of fact, conclusions of law and decree of divorce. A similar attempt to substitute attorneys was made after the entry of the decree of divorce. The attorney of record refused to consent to the substitution of attorneys until he had received what he deemed to be a reasonable fee for his services.

The following primary questions are presented on this appeal:

(1) Did the trial court deny effective representation to the husband when he sought to be represented by substitute counsel on the motion to reconsider the oral decision and for a new trial, and the subsequent motion to vacate the judgment and for a new trial? Closely allied to this is the contention that the trial court abused its discretion in the orders denying the motions.

(2) Did the trial court abuse its discretion in the property settlement and award of attorney fees?

We shall first consider the question of whether the trial judge denied effective representation to the husband by refusing to recognize the substitute attorney at the motion to reconsider the oral decision and for a new trial prior to the entry of the judgment.

After the oral decision and before the entry of the judgment, the husband appeared in court with a substitute attorney. In support of a motion for a substitution of attorneys, the substitute attorney offered to prove by the husband's testimony that his client had paid $100 or $125 and that the attorney of record had agreed to represent the defendant husband for that sum. (In the next hearing the substitute attorney's representation was that the attorney of record had agreed to represent the husband for $125 to $150.) The attorney of record did not file an affidavit or dispute that statement at this hearing, but after the hear-

ing he filed an affidavit that he had received a retaining fee of $100 from the husband, that there was no definite agreement as to the amount of the attorney fees, but that both parties understood that the sum of $250 would be a minimum charge.

At the time of his first posttrial motion, the substitute attorney submitted an affidavit of the husband alleging in detail that the wife was unfit to have the custody of the children. In the verified cross complaint the husband alleged that she was a fit and proper person to have custody of the children. The court considered the husband's affidavit, together with the affidavit of the wife and heard argument from the substitute attorney and the wife's attorney. In denying the motion to reconsider the oral decision and for a new trial the trial court stated:

> Where there is a complete conflict between what he did in the courtroom and what he now does by affidavit the court has to accept what is done in the courtroom.
>
> I have no alternative. Otherwise a trial wouldn't mean a thing, and when you lost, you would go out and find a lot more things and bring that back in and we'd be trying and re-trying cases for months on end. There has to be some semblance of definiteness about a proceedings of this kind.

Thereafter, the trial court signed an order, prepared by the substitute attorney, denying the defendant's motion to reconsider the oral decision and denying a new trial.

About 2 weeks after the entry of the final judgment, the substitute attorney presented a motion to vacate the judgment and for a new trial. After hearing argument from the substitute attorney, the trial court stated that the fees of the attorney of record had not been paid and the court could not recognize the substitute attorney as the attorney for the husband. The trial judge relied upon RCW 2.44.040, which provides:

> The attorney in an *action* or special proceeding, may be changed at any time *before judgment* or final determination as follows:
>
> (1) Upon his own consent, filed with the clerk or entered upon the minutes; or

(2) Upon the order of the court, or a judge thereof, on the application of the client, or for other sufficient cause; but no such change can be made until the charges of such attorney have been paid by the party asking such change to be made.

(Italics ours.)

■ The express terms of the statute compel us to hold that RCW 2.44.040, which denies the court the right to grant a substitution of attorneys in an action until the charges of the attorney of record have been paid, applies only up to the time of the entry of judgment. After the entry of the judgment, the charges of the attorney of record are not protected by the statute as a condition precedent to substitution of attorneys. The statute imposes the condition of payment of the attorney of record only before the entry of final judgment. *See Belle City Mfg. Co. v. Kemp,* 27 Wash. 111, 67 P. 580 (1902).

At the time of the hearing on defendant's motion to reconsider the oral decision and for a new trial, the trial court should have considered the evidence offered on the amount of the attorney fee.[1] The affidavit of the attorney of record was not yet in evidence. The trial court, in effect, took judicial notice that an attorney's fee of $100 or $125 for a contested divorce, involving property of substantial value, was unbelievable. A substitution of attorneys was denied.

In any event, there was no prejudice to the husband in the failure to take testimony on the question of whether the attorney's charges had been paid at the hearing before the judgment. The court gave de facto recognition to the attorney of record and decided the motion for a new trial on the merits.

Nor was there any prejudice to the husband in failing to grant a substitution of attorneys at the hearing after the

---

[1] Where a client initiates summary procedures for a determination of attorney fees prior to the final judgment for the purpose of substituting attorneys, the court's determination of the amount due is a matter peculiarly within the province of the trial court. *State v. Moore,* 34 Wn.2d 351, 208 P.2d 1207 (1949).

signing of the judgment. The trial court had considered the evidence in support of the motion to vacate the judgment and for a new trial at the time of the hearing to reconsider the oral decision and for a new trial. The trial court clearly held that it would not grant a motion to permit parties to come back into court to change their testimony. The trial court signed an order denying the motion to vacate the judgment and for a new trial, which was prepared by the husband's substitute lawyer. The order recited that the court examined the records and files, and in particular examined (1) the defendant's motion for reconsideration and new trial and to vacate the judgment, (2) the affidavit of the defendant, (3) the affidavit of the trial attorney and, (4) the notice of substitution of attorneys. This indicates that the court again considered the merits.

Defendant further contends, in support of his claim of error with respect to substitution of attorneys, that the trial attorney was negligent and incompetent in the presentation of his case. Attorneys frequently differ on trial tactics, and obviously the substitute attorney did not agree with the trial attorney on the manner in which the trial was conducted. A difference of opinion on trial tactics, however, does not constitute either negligence or incompetence. The test of the skill and competence of counsel is: After considering the entire record, was the complaining party afforded a fair trial? *State v. Lei,* 59 Wn.2d 1, 365 P.2d 609 (1961). We have considered the entire record, including the posttrial affidavits and motions, and we find that defendant was afforded a fair trial.

Because the court actually considered the affidavits urged in support of both motions for a new trial, and gave de facto recognition to the substitute attorney, the husband was not prejudiced. We find the failure to give full recognition to the substitute attorney on the hearing for a new trial after judgment to be harmless error. The granting of a new trial is a matter within the sound discretion of the trial court. We find no abuse of discretion in the denial of the new trial in this case.

Defendant next contends that the trial court abused its discretion in the property settlement and award of attorney fees.

The parties were married on August 6, 1959. They have four children, ranging in age from 2 to 9 years. The children are living with the plaintiff wife in the family home on what was the husband's separate property. The wife has an eighth grade education. She works as a waitress. She has hired a couple to live in with her and care for the children while she is working.

The husband receives an army retirement pension of $246 a month after deductions. Before the divorce, he was earning $440 per month as a cottage parent at a juvenile institution. Because of the anxiety of the divorce he terminated that employment. At the time of trial he was working at odd jobs.

The parties had acquired very little community property, although they had made improvements to their home on his separate property. The husband had inherited 90 acres of waterfront property from his aunt 3 years before their marriage. He testified that the property was worth approximately $500,000, although the depressed conditions of the economy made him "land poor". There was a mortgage of $7,800 on the entire 90-acre tract.

The court awarded the wife the family home on the 90-acre tract and an undescribed 4 or 5 acres adjacent to the home. She was awarded most of the items of community property consisting of the household furniture, a car and a cow. The husband was awarded the balance of the 90 acres, two cars and his personal effects. The husband was ordered to pay the community obligations, including the mortgage on the entire tract of land.

We find no merit in the contention that the trial court abused its discretion in awarding the home and 4 or 5 acres of the husband's separate property to his wife. By defendant's own testimony, the wife received property valued at $60,000 and he received property valued at $440,000, subject to a mortgage of $7,800.

 Although the trial court is not required to award all separate property to the party acquiring it or to divide community property equally, *Blood v. Blood,* 69 Wn.2d 680, 419 P.2d 1006 (1966), the court does not have unfettered freedom to exercise its personal judgment. RCW 26.08.110 sets forth the statutory guidelines the court should consider in exercising its discretion. The statute requires that the court make a just and equitable distribution of the properties, whether community or separate, having regard to (1) the respective merits of the parties, (2) the condition in which they will be left by the divorce, (3) the party through whom the property was acquired, and (4) the burdens imposed upon it. The equities which should be considered in conjunction with the statutory guidelines are discussed in *De Ruwe v. De Ruwe,* 72 Wn.2d 404, 433 P.2d 209 (1967); and *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970). As pointed out in *De Ruwe,* the paramount concern in a property division is the economic condition in which the decree will leave the parties.

In a long series of cases, the courts of this jurisdiction have held that appellate courts will not interfere with the trial court's disposition of property in a divorce action unless there is a manifest abuse of discretion. After discussing in detail the elements that constitute the basis of review of discretionary acts of a trial court, the Court of Appeals in *Rehak* concluded that the appellate court would reverse a discretionary act only where it could say no reasonable man would take the view adopted by the trial court.

In the case at bar, we find that when we considered the length of the marriage, the children the parties must support and the economic condition in which the divorce leaves the parties, the property settlement division made by the trial court could not be deemed an abuse of discretion.

The trial judge did not have a description of the 4 or 5 acres adjacent to the home premises awarded the wife. He relied upon the parties to agree upon a survey of the property that would appropriately be included in the wife's

award of real property. The bitterness engendered by the divorce makes it obvious that this cannot be accomplished. We therefore remand the case to enable the trial court to take appropriate measures to assure that a survey of the property awarded the wife is completed and a correct legal description is included in the findings of fact.

Defendant also contends that the court erred in awarding custody of the children to the wife without making findings of fact as to her fitness to have custody of the children. In his cross complaint, the husband admitted that the wife is a fit and proper person to be awarded their custody.

Although we would not remand this case for the entry of an undisputed fact, *Lambert v. Lambert,* 66 Wn.2d 503, 403 P.2d 664 (1965), since the case must be remanded for another purpose, a finding of fact on the fitness of the wife should be included.

Defendant's last contention is that the trial court erred in awarding plaintiff an attorney fee of $500. We find no abuse of discretion in awarding an attorney fee of $500 in a contested divorce action in which there is property of the value of $500,000. The fee was not untenable or manifestly unreasonable under all of the circumstances. *See Mayo v. Mayo,* 75 Wn.2d 36, 448 P.2d 926 (1968).

Judgment affirmed as modified.

PETRIE, C. J., and PEARSON, J., concur.