[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 453 
This appeal results from an order by the Circuit Court of Houston County terminating the parental rights of appellant, Patricia Crews, and awarding permanent custody of her infant son to the appellee, the Alabama Department of Pensions and Security.
The infant son who was the object of the dispute out of which this appeal arose was born in September of 1975. At the time of the child's birth, appellant was unmarried and a minor. Approximately six months after the child was born, the Department of Pensions and Security obtained temporary custody of him. A hearing was subsequently held to determine whether the parental rights of the child's mother should be terminated and the child placed in the permanent care of the Department of Pensions and Security. After the presentation of evidence by all the parties involved, the trial court ordered that the child be made a permanent ward of the Department of Pensions and Security. From the trial court's judgment appellant brings this appeal.
Our initial concern on this appeal is the appellant's contention that the judgment of the trial court was contrary to the great weight of evidence presented at trial. However, a careful examination of the record reveals that the court's judgment was amply supported by the testimony and evidence which was offered during the hearing on this matter. Indeed, the court specifically found:
 ". . . that said mother is only 17 years of age and has been adjudicated a delinquent child and committed to the Department of Youth Services, Chalkville Campus and that neither said mother nor the said reputed father can make suitable plans for the proper care of said child, presently and in the future."
Since the trial court heard the oral testimony of the witnesses and observed their demeanor its judgment is entitled to a presumption of correctness. Accordingly, the trial court's judgment in child custody cases will not be disturbed on appeal unless it is affirmatively shown from the record that the judgment rendered was unsupported by the evidence and therefore palpably in error. Smith v. State Department of Pensions andSecurity, Ala.Civ.App., 340 So.2d 34 (1976).
Moreover, the controlling consideration in child custody matters is the best interests of the child. And although a prima facie right to the custody of a child exists on behalf of the child's natural parent, this right is not absolute since it must yield to the superior criterion of the child's welfare.Smith v. State Department of Pensions and Security, supra.
In order to determine if a change in the child's custody is necessary to adequately protect the best interests of the child, a trial court may examine the conduct and activities of the parent as well as the environment, health and circumstances of the child. In the instant case the trial court heard evidence to the effect that appellant had been incarcerated in industrial schools on three occasions for delinquency. Additional testimony indicated that appellee made little effort to keep either the child or its surroundings clean. Moreover, the trial transcript demonstrates appellant was only seventeen years old at the time of the hearing and had neither the skill nor the education to properly support her illegitimate child. Indeed, appellant has only a seventh grade education. *Page 454 
Despite these facts appellant contends that she has "reformed" and that in the future she will have the means to properly care for the child. However, the record before us discloses that appellant's "future prospects" in regard to the well-being of her child are rather shadowy. In fact, her ability to provide for the child's welfare is apparently premised on the occurrence of two contingencies: (1) that she marry a man with whom she lived prior to the custody hearing and who earns approximately $10,000 a year; and (2) that the man who is reputed to be the father of the child give her approximately $116 a month for the child's support. Nevertheless, while evidence which supported the potential occurrence of these events was certainly relevant to the trial court's inquiry into the right of the appellant to obtain custody of her child, we are not persuaded that such evidence demonstrates that the judgment of the trial court was contrary to the great weight of evidence. Indeed, the judgment of the trial court was supported by a substantial evidentiary showing that appellant could not provide for the child's ordinary comfort and contentment nor for its intellectual and moral development. See Long v. O'Mary, 270 Ala. 99, 116 So.2d 563
(1959).
The second issue which warrants our attention on this appeal deals with the adequacy of the legal representation rendered on appellant's behalf during the custody proceeding. Appellant argues that the attorney who was appointed to represent her as guardian ad litem did not protect her interests in two respects. First, appellant claims that her attorney tried the case without the preparation necessary to render effective assistance; that is, the lawyer who acted on her behalf did so after only a brief interview with appellant prior to the hearing. Second, appellant contends her attorney failed to vigorously represent her interests by not asserting that Title 13, section 350, et seq., Code of Alabama 1940 (Recomp. 1958) (providing the procedures for terminating parental rights) was unconstitutional. We find no merit to either of these contentions.
After the court's judgment awarding custody of the child to the Department of Pensions and Security, the court appointed a new attorney to represent appellant. And at a hearing on appellant's motion for a new trial, her newly obtained counsel questioned the court appointed attorney who acted in appellant's behalf during the custody proceeding. The transcript of the hearing on the motion for a new trial indicates that appellant's initial court appointed lawyer had represented appellant on at least two earlier occasions when the latter had been charged with delinquency. In addition, her court appointed attorney stated that he had read a Department of Pensions and Security report on the matter before arriving at the courthouse and that he had also discussed the case with appellant's probation officer prior to the trial. Moreover, the court appointed counsel testified that he interviewed appellant before the proceedings began and that from this interview and his earlier dealings with appellant he was aware of the history and circumstances of the case. Finally, he stated that nothing was brought out at trial which surprised him and that he had presented to the court all the evidence which he deemed favorable to his client.
On the basis of the facts set out above we are unable to say that appellant was denied effective assistance of counsel. In instances where a significant right or liberty is threatened a party is entitled to the safeguards and protection provided by procedural due process. And in view of the fact that the preservation of the family unit is zealously guarded by the courts, May v. Anderson, 345 U.S. 528, 73 S.Ct. 840,97 L.Ed. 1221 (1953), individuals seeking to maintain family integrity are accorded strong protection from interference by the state.In re Welfare of Luscier, 84 Wn.2d 135, 524 P.2d 906 (1974).See Quilloin v. Walcott, ___ U.S. ___, 98 S.Ct. 549,54 L.Ed.2d 511 (1978). Consequently, the fundamental nature of parental rights is protected by the constitutional guarantees of due process under the fourteenth amendment.U.S.C.A. Const. Amend. 14. See Ex *Page 455 parte White, 245 Ala. 212, 16 So.2d 500 (1944); Thorne v.Thorne, Ala.Civ.App., 344 So.2d 165 (1977).
Moreover, procedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition's claims; and representation by counsel if it is desired. See Danford v. Dupree, 272 Ala. 517,132 So.2d 734 (1961); Almon v. Morgan County, 245 Ala. 241,16 So.2d 511 (1944); Thorne v. Thorne, supra; In re Welfare ofLuscier, supra. Thus, the safeguards mandated by due process entitled a parent to the right of counsel in a permanent child deprivation proceeding. In re Welfare of Luscier, supra. And inherent to a parent's right to legal representation in a deprivation hearing is the right to effective assistance of counsel. However, effective assistance of counsel does not require that a lawyer be infallible. See Taylor v. State,291 Ala. 756, 287 So.2d 901 (1973).
It is the general rule that relief from a court's judgment will not be granted on the ground of incompetence or ineffective counsel merely because his opinion of appropriate trial tactics differs from the opinion of another attorney.E.g., Lynn v. Lynn, 4 Wn. App. 171, 480 P.2d 789 (1971). Instead, the test in cases of this type is whether an examination of the entire record demonstrates that the complaining party was afforded a fair trial. Lynn v. Lynn,supra.
From the facts disclosed in the record before us we are not persuaded that the pre-trial preparation and actual efforts of appellant's appointed counsel during the trial were so inept as to deny appellant a fair hearing. Nor are we prepared to say that the competence and efficiency of the attorney who represented appellant at the child deprivation hearing was so minimal that appellant was deprived of effective assistance of counsel.
The final issue presented for our review concerns appellant's assertion that Title 13, section 350, et seq., Code of Alabama 1940 (Recomp. 1958) is unconstitutional in that the statutory provisions dealing with child deprivation proceedings are in violation of the due process clause of thefourteenth amendment.[1]
The law in Alabama is well-settled that constitutional issues not raised in the court below will not be considered for the first time on appeal. Smith v. State Department of Pensions andSecurity, supra; Gamble v. Gamble, 53 Ala. App. 168,298 So.2d 254 (1974). In the present case appellant raised the constitutionality of the child deprivation statute in her motion for new trial. However, this court will not consider an issue as to the constitutionality of a statute where such issue is raised for the first time in a motion for new trial. Dale v.Dale, 54 Ala. App. 505, 310 So.2d 225 (1975). Nonetheless, inSmith v. State Department of Pensions and Security, supra, this court refused to declare the child deprivation statute unconstitutional.
Despite the applicability of these principles to the instant case, appellant argues that the constitutional issue was not raised at trial due to the ineffectiveness of appellant's counsel. Thus we must note that regardless of the purported reason for the failure to properly preserve an issue involving the constitutionality of a statute for consideration on appeal, we will not decide a constitutional issue which has not been presented to the trial court prior to a motion for new trial unless unusual circumstances require that we consider the matter. See Rule 4, ARAP and committee comments thereto. The normal procedure for obtaining relief in such situations is by means of a Rule 60 (b) motion. Rule 60 (b), ARCP. See Barnes v.Kent, 292 Ala. 508, 296 So.2d 881 (1974); Barnes v. Kent, Ala.,350 So.2d 437 (1977).
The trial court's judgment was not in error and is therefore affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] This case was tried prior to the adoption of the 1975 Alabama Code. *Page 456