The Circuit Court of Houston County, after an ore tenus
hearing, found a child of less than one month in age to be dependent within the meaning of Chapter 7 of Title 13 of the Code of Alabama 1940.
The trial court awarded permanent custody of and legal guardianship of the child to the Department of Pensions and Security. In addition, in the court's decree it was stated that the rights of the natural parents, as they relate to the child, were permanently terminated.
From this decree the natural mother, Miss Yvonne Hunley appeals and presents to this court three issues for determination: (1) Was there a variance between the relief demanded and that which was granted? (2) Is the decree void because the statute upon which it is based is unconstitutional? (3) Was the decree plainly and palpably wrong to the extent that it is not fairly supported by credible evidence? We answer each of these contentions in the negative and affirm the decree of the court below.
Viewing the record with the attendant presumption of correctness, we find the following: In early July, 1976, Miss Hunley, unmarried and seventeen years of age gave *Page 83 
birth to the child who is the subject of this litigation. At the time of the child's birth, the mother was under the custody of the Houston County Department of Pensions and Security pursuant to a court order of April 8, 1976.
Prior to the child's birth, the Department of Pensions and Security had worked with the mother to help solve her recurrent delinquency problems. The Department undertook the care of Miss Hunley in 1974 due to the fact that she had been adjudicated delinquent several times, placed on probation, put in jail on more than one occasion and had been committed to the Department of Pensions and Security training school in Chalkville. The Department's actions were apparently necessitated because Miss Hunley had on numerous occasions run away from the homes of her separated parents, and additionally, had experienced difficulty in "getting along" with the adults and other children in the Department of Pensions and Security "attention" and foster homes in which she had been living.
At the time Miss Hunley became pregnant, she had come to her mother's home for a weekend visit from the Chalkville school. Upon discovering her pregnancy, she returned to live with her mother, but, because she was unable to happily reside there, the Department placed her in an "attention home" in Dothan. Subsequently, when the birth of the child was imminent, Miss Hunley went to the Salvation Army Maternity Home in Birmingham where the child was born. Upon the birth of the child, the mother returned to the "attention home" in Dothan which, incidentally, has no facilities for the care of infant children. While Miss Hunley was residing at the facility in Dothan, and at the time of the hearing, she was marginally employed by a fast food restaurant chain.
The record further reveals that the mother had agreed prior to her child's birth to give the child up for adoption, but she later changed her mind. There is adequate evidence to establish that Miss Hunley is emotionally immature, and that her plans are unrealistic, vague, and impractical with respect to her ability to care for the infant.
Based upon these circumstances, the Department of Pensions and Security, five days after the birth of the child filed a petition on July 6, 1976, requesting temporary custody of the child. After the learned judge granted this petition, the Department filed another petition on July 23, 1976, which sought a termination of the parents' rights to the infant so that the child could be placed for adoption. After a hearing on the merits, the trial court granted the petition and it is from this order that the mother appeals.
At the outset, we note that decrees of the trial court in cases of this nature, after hearing the evidence ore tenus, will be given every favorable presumption and will not be disturbed unless palpably wrong. Smith v. State Dept. ofPensions Security, Ala.Civ.App., 340 So.2d 34 (1976).
The controlling consideration in child custody cases is the welfare of the child. Crews v. Houston County Dept. of Pensions Security, Ala.Civ.App., 358 So.2d 451 (1978). To the extent that the superior consideration in such cases is the child's welfare, it is well settled that the prima facie right of a parent to custody will yield where such custody is not in the child's best interest. Crews, supra; Smith, supra; State, Dept.of Pensions Security v. Hall, 57 Ala. App. 290, 328 So.2d 295
(1976). Accordingly, where there is adequate evidence to support a finding that the parents are either guilty of gross misconduct or that they lack the capacity or means for the proper nurture and training of the child, it is not improper for the trial court to award permanent custody of the child to the Department of Pensions and Security. See, e.g., Kennedy v.State Dept. of Pensions Security, 277 Ala. 5, 166 So.2d 736
(1964). Given these well settled principles, we discuss each of the appellant's contentions.
Miss Hunley initially maintains that inasmuch as the Department merely petitioned the trial court for an order granting temporary custody of the child to the state, the *Page 84 
trial court's decree awarding permanent custody was at fatal variance with the relief demanded, and thus is void. We do not agree.
The record clearly indicates that the Department filed two petitions; i.e., the first on July 6, 1976, seeking temporary custody, and the second on July 23, 1976, seeking permanent custody and termination of parental rights to the child. Because the state demanded permanent custody in its second petition, there is no variance between the relief sought and that granted by the learned judge.
Miss Hunley next contends that the judgment is void because the statute upon which it is based is unconstitutional. In support of this argument, able counsel for the mother asserts in brief that Wambles v. Conn, 417 F. Supp. 769 (M.D.Ala. 1976), holds that Title 13, § 350 et seq. is unconstitutional. We do not find this argument persuasive.
It is well settled in Alabama that constitutional issues not raised in the court below will not be considered on appeal.Crews and Smith, supra. Our review of the record indicates that this constitutional question is raised for the first time on this appeal. Thus, it is inappropriate for this court's determination.
Furthermore, we note that this court previously addressed itself to the issue raised by Miss Hunley in the Smith case. InSmith, supra, we held that even assuming that the Wambles case is applicable to proceedings in Alabama state courts, it does not apply to custody proceedings under Title 13, § 350 et seq.
which are predicated on a theory that the child is "dependent" as opposed to "neglected." In so holding we stated:
 ". . . Wambles, supra, addressed itself only to `neglected' children and does not touch upon what we have in this instance, to wit, `dependent' children. . . ." 340 So.2d at 37.
Where, as here, the inquiry is whether the child is dependent
as that relates to the custody of the child, our statute has not been held unconstitutional and thus the decision of the court below is not void for this reason.[1]
In Miss Hunley's final contention, able counsel maintains that the decree below was plainly and palpably wrong because there is no credible evidence which fairly supports it. As we noted above, when the trial court hears the evidence ore tenus, every presumption will be accorded the correctness of the trial court's decree. Smith, supra.
The record reveals that Miss Hunley had no permanent place to live, that she is emotionally immature and impulsive, and that her plans with respect to nurturing the child are unrealistic, vague and impractical. In addition, we note that at the time of the two petitions in question, Miss Hunley was herself a minor under the custody of the state. In view of this evidence, we cannot say the learned judge's decree in this instance was plainly and palpably wrong.
For the foregoing reasons the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] Additionally, we would note that Title 13, § 350 et seq., Code of Ala. 1940, has been rewritten and is now codified as § 12-15-1 et seq., Code of Ala. 1975. The revised code incorporates the suggestions set out in Wambles with respect to its constitutional validity.