This is a child custody case.
The Department of Pensions and Security (DPS) filed petitions in the Madison County Circuit Court seeking permanent custody of Mary Ann Phillips' two minor daughters for adoptive planning. After ore tenus hearing the trial court granted the petition and the mother appeals. We affirm.
In his well-written brief the able counsel for appellant has set forth seven issues for our consideration. The seven are, in fact, only four.
Appellant first claims that the judgment of the trial court must be reversed for failure to comply with § 12-15-65 (c), Code of Alabama (1975). This section provides that in juvenile proceedings where the allegations are denied and the court hears evidence on the petition, the court shall "record its findings on whether or not the child is a dependent child. . . ." The appellant argues that the failure of the trial court to use the specific term "dependent" in its findings constitutes reversible error.
The orders complained of found, among other things, that the mother was "unable to provide a suitable plan for the rearing of said child," and that the children's best interests would be served by granting their permanent care, custody and control to DPS for adoptive planning. Section 12-15-1 (10) (b and k) sets out the following definition of a "dependent" child:
(10) DEPENDENT CHILD. A child:
. . . . .
 b. Who is without a parent or guardian able to provide for his support, training or education; or
. . . . .
 k. Whose parents, guardian or other custodian are unable to discharge their responsibilities to and for the child.
The trial court's finding that the child's one available parent, the mother, is "unable to provide a suitable plan for the rearing of said child" is essentially in compliance with the definitions set forth above. Section 12-15-65 (c) does not require the express use of the word "dependent." The court, in finding the allegations of a petition *Page 53 
in a juvenile proceeding to be true, necessarily finds the child to be either "dependent," "delinquent" or "in need of supervision." See, §§ 12-15-52, 65, Code of Alabama (1975). The DPS petitions specifically alleged the children to be "dependent" and the trial court's order was sufficient to apprise the mother that they had been so found. No error existed in this regard.
The second issue is whether the evidence supports the trial court's awarding permanent custody to DPS. The court's judgment in cases of this nature, after hearing the evidence ore tenus
will be given every favorable presumption and will not be disturbed unless palpably wrong. Smith v. State Dept. ofPensions Security, 340 So.2d 34 (Ala.Civ.App. 1976).
The ultimate consideration in child custody cases is the welfare of the child and it is well settled that the prima facie right of a parent to custody will yield where such custody is not in the child's best interest. Crews v. HoustonCounty Dept. of Pensions Security, 358 So.2d 451
(Ala.Civ.App. 1978); State Dept. of Pensions Security v.Hall, 50 Ala. App. 290, 328 So.2d 295 (1976). Thus, unless the trial court's determination that the interests of these children would best be served by placing their permanent custody in DPS is palpably wrong, we must affirm. Crews, supra.
We see no reason to present a detailed sketch of the evidence presented in this case. The record before us, which we have carefully reviewed, is a lengthy one. The trial court heard at least eight witnesses testify in detail as to the occurrences leading and subsequent to the filing of the petitions by DPS. Neither the children about whom this case revolves nor the mother would benefit from a rehash of that testimony here. We do relate that the unmarried mother gave birth to both children under very unfavorable circumstances when she was fifteen and seventeen years of age. They were fathered by different men, with contradiction by the mother as to the identity of the father of the younger. She voluntarily placed the oldest child with DPS for foster care at the age of four months and has not lived with the child for almost three years. She informed DPS that upon the birth of her second child she would give both children up for adoption and then declined to do so. DPS has aided appellant and attempted to counsel and devise plans for her and the children since before the first birth. She has failed in her efforts over the last three years to provide a stable home and means of support for the children, and any finding that she would do so in the future would be without foundation on past performance and based on mere speculation. In addition, the trial court had more than adequate reason to suspect that the children would end up back in the grandmother's home if custody was granted to the mother. The testimony as to the conditions existing in that residence reveal a decidedly unfavorable environment for rearing small children. In view of the record, we cannot say the trial court's award of permanent custody to DPS for adoptive planning is palpably wrong. There was more than sufficient evidence to support the court's order. See, Long v. O'Mary, 270 Ala. 99,116 So.2d 563 (1959); Harrell v. Long, 49 Ala. App. 322,272 So.2d 248 (1973).
The appellant next contends that the judgment of the trial court cannot be sustained because the "best interest of the child" standard, under which this and other child custody cases are decided, is violative of the mother's constitutional rights to due process and equal protection of the law. For this contention the appellant relies primarily on Roe v. Conn,417 F. Supp. 769 (M.D.Ala. 1976) and a line of cases consistent therewith.
It is well settled in Alabama that constitutional issues not raised in the court below will not be considered on appeal.Hunley v. Houston County, Alabama Dept. of Pensions Security,365 So.2d 81 (Ala.Civ.App. 1978). The question presented is raised for the first time on appeal and is inappropriate for our determination. We call appellant's attention to the case ofMiller v. Alabama Dept. of Pensions Security, 374 So.2d 1370
(Ala.Civ.App.), cert. denied, *Page 54 374 So.2d 1378 (Ala. 1979), for a thorough discussion of the effect of Roe on child custody cases. Appellant's constitutional issue offers no ground for reversal of the trial court.
Finally, the appellant seeks reversal by asking this court to recognize a social worker-client privilege, which would result in error in permitting the appellant to testify to certain communications she had with a DPS employee assigned to her case. We have addressed and denied a similar contention previously. Parten v. Parten, 351 So.2d 613 (Ala.Civ.App. 1977). Appellant has cited no statute or rule which would persuade us to recognize such a privilege. In addition, Alabama allows no privilege of a general nature that a communication shall not be disclosed merely because it was made or received in confidence. Gamble, McElroy's Alabama Evidence, § 386.01 (3d ed. 1977). There was no error in the taking of this testimony.
For want of error, the judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.