YATES, Judge.
The Juvenile Court of Montgomery County entered a judgment on September 21, 1994, finding that the father owed a $7,294.26 child support arrearage to the mother. The court denied the father’s petition to decrease his monthly child support obligation, but awarded the father the right to claim the child as an exemption for tax purposes. The father, acting pro se, filed an untimely post-trial motion on October 7,1994.
“All post-judgment motions [in juvenile cases], whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days.” Rule 1(B), Ala.R.Juv.P. In accordance with this rule, the father was required to file his post-judgment motion no later than October 5, 1994. He filed his post-judgment motion on October 7, and the trial court’s order purporting to deny the motion was entered on October 12, 1994. The father then filed a Rule 60(b)(6) motion, Ala.R.Civ. P., on December 28, 1994,[1] which the trial court denied that same day; he filed his *46 notice of appeal on February 2, 1995. The notice of appeal should have been filed within 14 days of the December 28, 1994, order. Rule 28(C), Ala.R.Juv.P.
Because the father’s notice of appeal was untimely filed, this court lacks jurisdiction; therefore, the appeal is dismissed. See Rule 2(a)(1), Ala.R.App.P.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.

. Rule 60(b)(6), Ala.R.Civ.P., states that the motion "shall be made within a reasonable time ... after the judgment, order, or proceeding was entered or taken."