On Application for Rehearing

YATES, Judge.
The opinion of August 27, 1999, is withdrawn, and the following is substituted therefor.
On June 30, 1998, the Tuscaloosa Juvenile Court entered an order terminating the parental rights of R.D., the father, and E.D., the mother, as to their two daughters. Following the entry of judgment, E.D.’s attorney withdrew from the case and E.D. was appointed a new attorney for the purposes of appeal. R.D. and E.D. appealed. On January 8, 1999, this court affirmed the judgment .of the trial court, without an opinion, pursuant to Rule 53(a)(1) and (a)(2)(A), Ala. R.App. P. R.D. v. State Dep’t of Human Resources and E.D. v. State Dep’t of Human Resources, Nos. 2971140 and 2971141, 776 So.2d 220 (Ala.Civ.App.1999) (table).
On March 3, 1999, E.D. moved the juvenile court for a new trial, alleging ineffective assistance of counsel. On March 4, 1999, R.D. also moved the court for a new trial, alleging ineffective assistance of counsel. Both motions were filed pursuant to Rule 60(b)(6), Ala. R. Civ. P. On March 8, 1999, the trial court entered an order denying both motions as being untimely filed. E.D. and R.D. appeal. R.D. did not file a brief with this court; however, R.D.’s attorney stated that “R.D. would be adopting the arguments made on behalf of E.D.”
Rule 1(B), Ala. R. Juv. P., provides, in part, that “[a]ll post-judgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days.” See also Wilson v. Jones, 668 So.2d 45 (Ala.Civ.App.1995). The mother contends that her new attorney had no way to ascertain what had occurred at the hearing and, therefore, could not raise the claim of ineffective assistance of counsel until the transcript of the hearing had been completed and filed with the court on September 8, 1998. Thus, she argues that it was impossible for the claim of ineffective assistance of counsel to be raised within the 14-day period provided by Rule 1(B). The dissent concludes that a claim of ineffective assistance of counsel cannot reasonably be raised in a postjudgment motion filed within the 14-day time period. This conclusion is not supported by the facts of this case.
The motion filed by the mother was entitled “Motion for New Trial,” and, although it was filed pursuant to Rule 60(b)(6), she requested the court to set aside or vacate its order of June 30, 1998, terminating her parental rights and to order a new trial on the matter. The mother alleged in the motion that her previous attorney was ineffective because, she said: he had failed to meet with her from February 6, 1998, until the time of the trial on June 29, 1998; he had failed to offer evidence of the counseling the mother was receiving; and he had failed to timely request certain services provided by DHR for reunification purposes and had failed to *112 discuss the issue of services with her. These are matters that are ascertainable through discussions between the mother and her new attorney and are not solely ascertainable from a review of the transcript of the hearing. Obviously, the mother and her attorney discussed the case before filing the notice of appeal; therefore, it was not impossible, as the mother contends, to file a timely post-judgment motion asserting these grounds as a claim of ineffective assistance of counsel.
Although the mother’s motion was filed pursuant to Rule 60(b)(6), Ala. R. Civ. P., the trial court treated the motion as a motion for a new trial made pursuant to Rule 59, Ala. R. Civ. P., and determined that it was untimely, under Rule 1(B), Ala. R. Juv. P. As noted earlier, the mother’s motion cited Rule 60(b)(6); however, it sought an order vacating the judgment and ordering a new trial, both of which are provided for by Rule 59. The substance of a motion, and not its style, determines what kind of motion it is. Evans v. Waddell, 689 So.2d 23 (Ala.1997). A trial court will look to the relief sought within the motion. Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992) (the movant cited Rule 60(b) within the motion, but the trial court correctly determined that the language within the motion was a request for relief pursuant to Rule 59, Ala. R. Civ. P.). After reviewing the substance of the mother’s motion, we conclude that the trial court properly treated it as a Rule 59 motion and denied it as being untimely. To hold differently would require this court to rewrite the plain language of Rule (1)(B), Ala. R. Juv. P. This we cannot do. Accordingly, the judgment of the trial court is affirmed.
OPINION OF AUGUST 27, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND 39(k) MOTION DENIED;
2980704 — AFFIRMED.
2980705 — AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ„ concur.
CRAWLEY, J., dissents.