777 So.2d 113 (2000)
Ex parte E.D.
(In re E.D. v. State Department of Human Resources).
1990167.
Supreme Court of Alabama.
July 21, 2000.
*114 Katie Seals Ferguson, Tuscaloosa, for petitioner.
J. Coleman Campbell and Lynn S. Merrill, asst. attys. gen., Department of Human Resources, for respondent.
LYONS, Justice.
E.D. appealed to the Court of Civil Appeals from the juvenile court's dismissal of her Rule 60(b)(6), Ala.R.Civ.P., motion, in which she had asked the court to set aside its judgment terminating her parental rights as to her minor children. The Court of Civil Appeals affirmed. See R.D. v. State Dep't of Human Resources, 777 So.2d 110 (Ala.Civ.App.1999). E.D. sought certiorari review from this Court; we granted her petition.[1] We reverse and remand.
On June 30, 1998, the Tuscaloosa Juvenile Court entered a judgment terminating E.D.'s parental rights. On July 9, E.D.'s attorney withdrew from the case, and the court appointed E.D. a new attorney for the purpose of appeal. On July 14, E.D. filed a notice of appeal. On January 8, 1999, the Court of Civil Appeals affirmed, without an opinion. R.D. v. State Dep't of Human Resources (No. 2971140), 776 So.2d 220 (Ala.Civ.App.1999) (table). On March 3, E.D. filed a Rule 60(b)(6) motion with the juvenile court, alleging ineffective assistance of trial counsel.
In her motion, E.D. asked the court, pursuant to Rule 60(b)(6), to set aside or reopen the judgment terminating her parental rights, to order a new trial, or to enter a new judgment. She argued that because a new attorney was appointed to represent her on appeal, that attorney could not have known what had happened at the termination hearing until the trial transcript was completed and filed with the court. That occurred on September 8, she said, well beyond the 14-day period within which a party in a juvenile proceeding can file an appeal. Therefore, she argues, it would have been impossible for her appellate attorney to raise her ineffective-assistance-of-counsel claim within the 14-day period provided by the Rules of Juvenile Procedure. The trial court denied E.D.'s motion as untimely. The court treated her motion as a motion for a new trial pursuant to Rule 59, Ala.R.Civ.P., and stated that Rule 60(b) does not apply to juvenile cases. E.D. appealed.
In affirming, the Court of Civil Appeals concluded that, although E.D. filed her motion pursuant to Rule 60(b)(6), the trial court correctly treated it as a motion filed pursuant to Rule 59 and correctly denied the motion as untimely. The court based its decision on Rule 1(B), Ala.R.Juv.P., which provides in part that "[a]ll postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days." The Court of Civil Appeals reasoned that granting E.D.'s motion would require rewriting Rule 1(B).
The Court of Civil Appeals noted that in her motion E.D. argued (1) that her trial attorney did not meet with her from February 6, 1998, until the time of trial on June 29, 1998; (2) that he had failed to offer evidence of the counseling she was receiving; and (3) that he had failed to timely request certain services provided by the Department of Human Resources ("DHR") for reunification purposes and had failed to discuss the issue of services with her. The court reasoned that these matters were ascertainable through discussions between E.D. and her appellate attorney and were not solely ascertainable from a review of the termination hearing transcript. Therefore, the court concluded, *115 E.D. could have filed a motion for a new trial within the time allowed by the juvenile rules.
Judge Crawley, in a dissenting opinion, questioned whether, "under most circumstances or under the circumstances of this case, a claim of ineffective assistance of counsel can reasonably be presented in a post-trial motion filed within 14 days of a judgment terminating parental rights." 777 So.2d at 112. The dissent argued that the trial court erred by treating E.D.'s Rule 60(b)(6) motion as one for a new trial pursuant to Rule 59. The Court of Civil Appeals has held that a parent's right to legal representation in a parental-rights-termination case includes the right to effective assistance of counsel. See Crews v. Houston County Dep't of Pensions & Sec., 358 So.2d 451, 454 (Ala.Civ.App.1978). Because the same right is afforded a defendant in a criminal case, the dissent discussed the use of Rule 32 proceedings in a criminal case to raise an ineffective-assistance-of-counsel claim in a collateral attack and pointed out that a collateral attack on a judgment in a civil case is permitted by Rule 60(b)(6). The dissent concluded, "Rule 60(b)(6) appears to be the appropriate vehicle for a parent claiming ineffective assistance of counsel to seek relief from a judgment terminating parental rights." 777 So.2d at 113.
In her certiorari petition, E.D. states that the trial court did not appoint a new attorney for her until the 13th day of the 14-day period within which she could file a postjudgment motion or an appeal. E.D. repeats her argument that her new attorney could not have known what happened at trial until the trial transcript was completed and filed with the court in September 1998. Therefore, she argues, it was impossible for her attorney to file an ineffective-assistance-of-counsel claim within the 14-day period provided by Rule 1(B), Ala.R.Juv.P.
DHR argues that, in September 1998, when E.D.'s appellate attorney first discovered the evidence that E.D. claims supports a new trial, E.D. should have sought leave from the Court of Civil Appeals to file a Rule 60(b) motion with the trial court. Instead, it argues, E.D. chose to wait until almost two months after the completion of her appeal, almost six months after the completion of the transcript, and almost nine months after the entry of the trial court's order. DHR also argues that E.D. did not prove that her trial counsel was ineffective or that more effective trial counsel would have made a difference in the outcome of the parental-rights-termination hearing.
In a parental-rights-termination case, a parent has a right to appointed counsel. Section 12-15-63(b), Ala.Code 1975, states:
"In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable for financial reasons to retain their own."
See, also, Valero v. State Dep't of Human Resources, 511 So.2d 200, 202 (Ala.Civ. App.1987); Matter of Ward, 351 So.2d 571, 573 (Ala.Civ.App.1977). "[I]nherent [in] a parent's right to legal representation in a deprivation hearing is the right to effective assistance of counsel." Crews, supra, 358 So.2d at 455.
Similarly, in a criminal case, a defendant has a right to court-appointed counsel. A criminal defendant must raise a claim of ineffective-assistance-of-counsel in a motion for a new trial in order for that claim to be properly preserved for review upon direct appeal. Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996). However, when a criminal defendant cannot reasonably make an ineffective-assistance-of-counsel claim in a motion for new trial within the 30 days allowed by Rule 24.1(b), Ala. R.Crim.P., the proper method for presenting that claim is to petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim.P. Id. at 866. As a general rule, a court will not entertain a Rule 32 petition *116 more than two years after the Court of Criminal Appeals has issued its certificate of judgment, or, in the case of a conviction from which no appeal is taken, more than two years after the time for filing an appeal elapses. See Rule 32.2(c).
Just as Rule 32, Ala.R.Crim.P., allows a criminal defendant to collaterally attack his conviction, Rule 60(b), Ala.R.Civ. P., permits a civil litigant to collaterally attack a civil judgment. See Evans v. Waddell, 689 So.2d 23, 31 (Ala.1997). Rule 60(b) mandates that motions under this subsection be filed "within a reasonable time." "What constitutes a `reasonable time' depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to other parties." Ex parte W.J., 622 So.2d 358, 361 (Ala.1993). Rule 60(b) allows a trial court to entertain an independent action "within a reasonable time and not to exceed three (3) years after the entry of the judgment." E.D. filed her Rule 60(b)(6) motion on March 3, 1999, less than 60 days after the Court of Civil Appeals had rendered its decision on January 8, 1999.
After reviewing all of the procedural aspects of this case, we conclude that, in the context of bringing an ineffective-assistance-of-counsel claim before the court, the comparison of the mother's use of Rule 60(b) in a civil setting to a defendant's use of Rule 32 in a criminal setting is appropriate, and we hold that a Rule 60(b) motion, under certain circumstances, such as those presented here, can be an appropriate means by which a parent facing the termination of parental rights can present claims of ineffective assistance of appointed counsel.
We must now determine whether the mother filed her motion within a reasonable time. DHR correctly argues that E.D. could have asked the Court of Civil Appeals for permission to file her motion in the trial court while her appeal was pending, because the pendency of her appeal did not toll the time for acting under Rule 60(b). Rule 60(b) states, "Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court." However, we are not prepared to say that, under the circumstances of this case, the mother's motion was not filed within a reasonable time. The termination of parental rights is a solemn matter that deserves the law's utmost protection. See T.D.M. v. Elmore County Dep't of Human Resources, 586 So.2d 931, 932 (Ala.Civ. App.1991), quoting Ex parte Beasley, 564 So.2d 950 (Ala.1990). We know of no means by which parental rights, once terminated, may be reinstated. V.M. v. State Dep't of Human Resources, 710 So.2d 915 (Ala.Civ.App.1998); and K.M. v. Shelby County Dep't of Human Resources, 628 So.2d 812 (Ala.Civ.App.1993).
Balancing the drastic effect of the termination of parental rights against the need for finality in the ultimate disposition of questions regarding parental rights as to the children whose lives are affected by these cases, and considering the absence of any previous decision of this Court approving the application of Rule 60(b) in the circumstances here presented, we hold that the mother's Rule 60(b)(6) motion, filed within 60 days after the Court of Civil Appeals affirmed the termination judgment, was filed within the "reasonable time" required by Rule 60(b). We reverse the judgment of the Court of Civil Appeals and remand the cause for that court to order further proceedings consistent with this opinion. On remand, the trial court should consider the merits of the mother's ineffective-assistance-of-counsel claim.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
NOTES
[1] R.D. also appealed to the Court of Civil Appeals from the juvenile court's dismissal of his Rule 60(b)(6) motion, but he did not petition this Court for certiorari review.